8 197
67 307

### WILLIAM L. SMITH, et al., v. JOHN B. BURNES.

1. PLEADINGS; *Defective statements, how cured.* It is a general principle of law, that where a material fact is stated in a pleading, but stated defectively, the defect will be cured by a verdict of a jury, or a finding of a court.

2. RIGHT OF REDEMPTION; *Waiver; Joinder of mortgages in one action.* Where three notes and mortgages are given, in none of which is there any waiver of the right of redemption, and afterward a fourth note and mortgage are given by the same party, and on the same premises, in which last note and mortgage the right of redemption is waived, and one action is brought on all of said notes and mortgages, by the owner thereof, it is error for the court to render a decree of foreclosure, *barring all right of redemption* on the first three notes and mortgages, as well as on the last note and mortgage.

3. ORDER OF SALE; *Formal levy not necessary.* It is not necessary that a sheriff, in executing an order of sale issued on a decree foreclosing a mortgage, should make a formal levy of said order of sale on the property ordered to be sold.

4. SHERIFF SALE; *Where may be made.* A sale of mortgaged property under an order of sale, made at the court house door, is good, if in all other respects valid.

5. ———— *Sale under erroneous judgment.* A sale of mortgaged property under a decree of foreclosure, erroneously barring the right of redemption as to a part thereof, is valid; and a modification of the decree, so as to make it correct, will not affect the sale, nor the title of the purchaser.

*Error from Leavenworth District Court.*

ACTION to foreclose mortgages, brought by *John B. Burnes* against *Wm. L. Smith* and *Mary Jane,* his wife. Four several mortgages were included in one action. They were given by the same parties, and upon the same premises. In one of said mortgages the "right of redemption" was waived; in the other three there was no waiver of such right. The defendants failed to appear and answer, and a decree was rendered ordering a sale of the mortgaged property, and "barring the defendants from all right of redemption." After a sale of the property under the decree, and confirmation thereof by the court, the defendants brought the record here by petition in error. The opinion contains a full statement of the facts.

*J. C. Douglas,* for plaintiff in error:

1. The petition did not state facts sufficient to authorize the finding and decree of the court. It did not allege a "waiver of the provisions of *the act*" providing for the redemption from sale, etc; and the error in the decree may be reviewed here. 20 Wis., 245; 2 Kas., 160; 4 Kas., 195.

2. The decree to sell without redemption is void. Act of 1861, Comp. Laws, 770, § 2; Ch. 110, Laws of 1867; 4 Kas., 339; 1 Edw. Ch., 34.

But even admitting the decree to be correct as to *one* of the mortgages, yet the merging of all in one judgment, and ordering sale for the amount due on all four, "without redemption," is erroneous. The statute (ch. 110, 1867,) is remedial, and should be liberally construed in favor of the debtor. 3 Johns. Ch., 446; 5 id., 35; 2 id., 30, 33; 10 How. Pr., 310; 4 Kas., 349. The court must in the decree protect the equitable

statutory rights of the parties. 3 N. Y., 216; 24 Ill., 529. The court cannot say it is *damnum absque injuria*. Bidders refrain from bidding at a sale known to be illegal.

And the errors being apparent on the record are reviewable without a bill of exceptions. 2 Kas., 160.

Up to the moment of the rendition of judgment the defendants had the right to pay the fourth note and mortgage, and suffer the others to remain unpaid. 1 Am. L. Cas., 268; 11 Mass., 301; 14 Tenn., 436; Pars, Mer. Law. Why tack the claims in one judgment, and cut off this equitable statutory right? 3 Pick., 48; 1 Mass., 300; 12 id., 517; 15 id., 486; 21 Wis., 666; 16 id., 224; 14 id., 450.

3. The execution (order of sale) was not *levied* on the premises. There should be a formal levy, then an appraisement, and then the sale. Gen. Stat., code, §§ 446, 448, 453, 517.

4. The sheriff's return shows that the sale was advertised to take place, and that it did take place " at the court-house *door*," instead of the " court-house," as required by law. Code, § 462.

*Clough & Wheat*, for defendant in error:

1. In relation to the alleged waiver of the right of redemption in the four several mortgages, see 23 Penn. St., 93. It is true the court below made no finding of waiver of right of redemption in relation to the first three mortgages, but there was no denial, under oath, putting in issue the execution of mortgages to the effect as described in the petition.

Defects in a petition will not be considered sufficient ground for reversal of a judgment when they did not affect the substantial rights of the defendant. 17 Iowa, 30, 317; 3 Cow., 663; 41 Ill., 238.

2. And the lot was to be sold but once, and could be sold but once by plaintiff below; no matter how many mortgages he had on it. 32 Ill., 198; 15 Ohio, 106, 470.

Of course if for any part of his debt he might lawfully sell without redemption, the sale was properly so made. 36 Ill., 462, 469; 37 id., 438.

That the order about possession being delivered was correctly made, see, 2 Dan. Ch. Pr., 1280; 3 Scam., 261; 1 Har. & Johns., 370; 4 Gilman, 354, 362; 19 How. Pr., 491; 21 id., 34; 20 Wis., 630; 12 Abb. Pr., 222, 286; 1 Edw. Ch., 272; 4 Johns. Ch., 609.

3. The property sold was purchased by a person not a party to the suit; and a reversal of the judgment ordering the sale without redemption will not affect her title. Code of 1859, § 458; Code of 1868, § 467.

The opinion of the court was delivered by

VALENTINE, J.: In this case a judgment was rendered in favor of John B. Burnes, defendant in error and plaintiff below, and against William L. Smith, one of the plaintiffs in error, for the sum of $824, and an order was made against all the defendants below that Lot No. 12, in Block 39, in Leavenworth City, should be sold, without any right of redemption, to satisfy said judgment. The judgment was rendered on four promissory notes, the first three of which were given by William L. Smith to John B. Burnes, and the last was given by William L. Smith to Lewis Burnes. The first note was given November 8th, 1865, and the amount found due upon it was $400. The second note was given December 23d, 1865, and the amount found due upon it was $250. The third note was given August 18, 1866, and the amount found due upon it was $40. The fourth note was given May 13, 1867, and the amount found due upon it was $134. Each of these notes was secured by a separate mortgage on said lot, each mortgage bearing even date with the note it was given to secure. At the time the last note and mortgage were given William L. Smith and his wife Mary Jane Smith waived the right of redemption under the provisions of the statute of 1867, which had then just then come into force, and which permitted them to do so. (Laws of 1867, p. 188.) Afterwards Lewis Burnes transferred this note and mortgage to John B. Burnes, the plaintiff below, who brought his action on this note and mortgage as well as on the three notes and mortgages that had

been given to himself. There was no waiver of redemption in the notes and mortgages given to him. After the judgment and decree of the court below, an order of sale was issued, and said lot was sold thereon, and afterwards the sale was confirmed by the court and a deed was ordered to be made to the purchaser. After all of these proceedings had transpired in the court below, the plaintiff in error brought the case to this court, and now asks to have the whole of said proceedings reversed.

I. It is claimed here, and for the first time, that the petition below does not and did not state facts sufficient to authorize the court to make any order or decree as the court did, that

1. Pleading; defective statement, how cured. the lot should be sold without any right of redemption. It is possible that if the objection to the petition had been made before the verdict of the jury, or before the decision of the court below, the objection should have been sustained. We think that the statement in the petition was defective, and should have been held so, if it had been attacked at the proper time, and in the proper manner. But the objection now comes too late. The petition was not defective because it failed to state some material fact, but it was defective because it stated a material fact in a defective manner. It simply stated that "the privilege of redemption had been waived" by the said Smith, without stating what redemption, or redemption from what, or redemption under what statute. *Lender v. Caldwell*, 4 Kas., 339. But these defects were undoubtedly supplied by the evidence, and the defective statement is cured by the finding of the court. It is a general principle of law, that where a material fact is stated in a pleading, but stated defectively, the defect will be cured by a verdict of the jury or a finding of the court.

It is also claimed by the plaintiffs in error, but incorrectly as we think, that the petition below did not sufficiently describe the lot. *

[* The description in the petition was—"Lot No. 12, in Block No. 39, in the city of Leavenworth, in the county of Leavenworth." The objection urged against this description was, that it was not stated that said lot was "*in the original plat*" of said city.—REPORTER.]

13—8TH KAS.

II. It is also claimed that the court below erred in making the order and decree that the lot should be sold to satisfy the whole of said judgment, including the first three notes and mortgages, as well as the last note and mortgage without any right of redemption. This claim we think is well founded. The order or decree should have been so made that if the amount of the last note and mortgage with the interest and costs thereon should be paid at any time before the sale, that upon a sale for the balance of the judgment the lot should be subject to redemption therefrom, as provided by law. Up to the date of the judgment there can be no question but that the defendants below at any time could have paid the last note, and allowed the judgment and decree to be rendered against them on the other three notes and mortgages. And in such a case no one would claim that the decree of foreclosure barring all right of redemption would be correct. And no sufficient reason can be given why the defendants should lose their right of redemption on a sale to satisfy the three first notes by failing to pay the last note before judgment.

*2. Right of redemption; waiver; joinder of mortgages.*

III. There are a few other questions which the plaintiff in error attempts to raise in this case, only two of which as we think are of sufficient importance to be mentioned in this opinion.

There was no formal levy of the order of sale on said lot. This we think was not necessary. The court had complete jurisdiction of the property without any formal levy. The court ordered that it be sold; and the sheriff had no power to seize or sell any more or any less than the specific lot which he was ordered to sell. *Wheatly v. Tutt,* 4 Kas., 195. The order of sale was not a general execution which the sheriff could levy on any property.

*3. Levy—when not necessary.*

The sale was at the court-house door. This we think was sufficient; for if the sale was at the court-house door, it must necessarily have been at the court-house, which is sufficient. (Gen. Stat., 718, § 462.) It is not claimed that there was any fraud practiced in conducting the sale.

*4. Sale by sheriff; where made.*

We shall allow the defendants to have the judgment below modified in accordance with this opinion, although we cannot see that it will benefit them in the least. The sale was valid, and the reversal or modification of the judgment cannot affect the sale in any manner whatever. The title of the purchaser will remain good, notwithstanding the modification of the judgment. (Comp. Laws, 202, § 458; Gen. Stat., 720, § 467.) With reference to the last note the plaintiff had a right to have the lot sold without any right of redemption; and this will uphold the sale even on petition in error. (See authorities cited in counsels' brief.) If the defendants desired to redeem from the first three notes they should have taken steps to have the error of the district court corrected before any sale took place. But as they did not we do not now see that they have any remedy. Judgment modified.

*5. Judgment may be modified.*

KINGMAN, C. J., concurring.

BREWER, J., not sitting in the case.