## PATTON & WELLBORNE V. MRS. S. M. COLLIER.

### Decided November 5, 1896.

1. Judge—Disqualification—Relationship to Attorney Interested in Fee.

A plaintiff, whose attorney in the suit was a brother-in-law of the judge, in an action on promissory notes providing for recovery of ten per cent attorney's fees if collected by law, obtained judgment, which recited that he had agreed to pay his attorneys named therein "the said ten per cent specified in said notes" and included such fees in the sum recovered: the judgment was afterward amended by striking out this recital. In a subsequent suit by defendant against plaintiffs, for the conversion of her property sold under the first judgment, Held:

(1) That the original judgment was not void as between the parties by reason of the relationship of the attorney to the judge.

(2) The attorney was not a party to the suit, and so much of the original decree as sought to give him a judgment for the attorney's fees was a nullity.

(3) It did not appear that the attorney had any pecuniary interest in the recovery: the agreement to pay for his services the amount mentioned in the note as attorney's fees merely showed the compensation promised, and was to be distinguished from an assignment of that portion of the cause of action or recovery.

(4) Mere interest of his relative in the amount of the recovery did not disqualify the judge. (Winston v. Masterson, 87 Texas, 200.) (Pp. 117 to 120.)

2. Foreclosure—Order of Sale—Sale Without Levy.

Under a judgment foreclosing the lein of a chattel mortgage the constable executing an order of sale did not levy on or seize the property previous to the sale day, leaving it in possession of defendant; but, after advertising, he sold and delivered it to the purchasers. Held, that a levy was not necessary to the validity of the sale, since the decree foreclosing the lien and directing sale sufficiently designated the property. It was proper for the officer under such order to seize and hold the property till sale could be made, but his failure so to do did not affect the sale. (P. 120.)

QUESTIONS CERTIFIED from the Court of Civil Appeals, Second District, in an appeal from County Court of Wichita County.

The suit was brought by Mrs. Collier to recover damages for sale of her property under a judgment previously recovered against her by the defendants Patton and Wellborne, who, on her recovery in this action, appealed. The opinion states the questions certified.

*Carrigan & Montgomery*, for appellants.—Whenever a valid judgment foreclosing an express vendor's lien on personal property and a valid order of sale of said property issued on said judgment is shown and the constable by virtue of said order sells said property, on collateral attack, it is immaterial if there was no valid levy, seizure or advertisement at any time of said property before the sale. Such sale is valid without an actual levy if the property is present when sold. Rev. Stats., art. 2319; Morris v. Hastings, 70 Texas, 29; Terry v. Cutler, 23 S. W. Rep., 541; Jolly v. Stallings, 78 Texas, 605; Freeman on Void Judicial Sales, sec. 26; Ballard v. Dibrell, 28 S. W. Rep., 1087; 2 Freeman on Executions, sec. 260.

It has been expressly held that where an officer proceeds under an order of sale no levy is necessary. Ewing v. Hatfield, 17 Ind., 513; Smith v. Burnes, 8 Kan., 197; 2 Freeman on Executions, sec. 274.

Whenever a judicial sale of personal property is made by virtue of an order of sale and the officer who makes said sale is guilty of irregularities in making same, on collateral attack, the sale cannot be questioned, and the plaintiffs in writ cannot be held liable for the acts of the officer unless he participates in and has knowledge of the irregularity, and by reason of same the property sells for a grossly inadequate price. Morris v. Hastings, 70 Texas, 28; Riddle v. Bush, 27 Texas, 675; Ayers v. Dupree, 27 Texas, 593; 2 Freeman on Executions, secs. 260, 274.

If appellee should contend that the judgment in the County Court, obtained by appellants against appellee in cause No. 611, was void on account of the relationship between W. P. Skeen, judge of said court, and J. J. Ofiel, one of the attorneys for appellants in said cause, No. 611, we have two replies to make to it: 1. The judgment, when first drawn, was incorrectly entered and did not speak the truth, and it was amended to correspond with the facts. 2. That the judgment as it was first entered was valid and not void. Winston v. Masterson, 27 S. W. Rep., 691, 768.

*J. H. Cobb*, for appellee.—The judgment in cause No. 611, Patton & Welborne v. Mrs. S. M. Collier, rendered December 5, 1893, was void, because J. J. Ofiel was a party thereto within the meaning of the statute, and was related to W. P. Skeen, the judge before whom said judgment was rendered, within the third degree; and said judgment being void the errors, if any, in the assignments complained of are harmless. Hodde v. Susan, 58 Texas, 389; Newcome v. Light, 58 Texas, 147; Land Co. v. Howe, 3 Texas Civ. App., 318; Howell v. Budd, 27 Pac. Rep., 747.

Judge Skeen being disqualified to try said cause No. 611, had no power to enter the order of June 13, attempting to correct said judgment so as to remove his disqualification. Gains v. Barr, 60 Texas, 676; Imlay v. Brewster, 3 Texas Civ. App., 105; Lessees of McCall v. Carpenter, 18 How., 305; Voorheis v. Bank of U. S., 10 Pet., 449.

Where an order of sale directs the sale of personal property as under

execution, a sale without a levy is void; and the plaintiff in the writ, who knew of or ratifies the acts of the officer in converting said property, is responsible in damages.   Brown v. Lane, 19 Texas, 203; Gunter v. Cobb, 82 Texas, 598;  1 Freeman on Ex., sec. 339.

In support of a motion for rehearing, which was overruled, counsel for appellee urged the following considerations among others:

If the recitals in the judgment mean anything they mean that the plaintiffs contracted with Boyd & Ofiel that they should have the ten per cent provided for in said notes; that when the judgment was rendered on the notes, including the ten per cent attorneys' fees, that ten per cent should belong to the attorneys and be collected for their benefit. Such a contract would be valid and one which the parties were competent to make.   Such was the contract it is alleged they did make.   If they did, then the attorneys became, to the extent of the attorneys' fee, assignees of the notes sued on.   Weeks on Attorneys, sec. 355.

Appellants rely upon the case of Winston v. Masterson for authority in holding the above mentioned judgment valid, but we respectfully submit that the case is not in point.   In Winston v. Masterson the attorney had no interest in the subject matter of the suit.   The suit was upon an account.   The plaintiff paid the attorney ten dollars and agreed to pay him a further sum equal to one-half the amount he might recover. There was no contract by which the attorney became entitled to or in any manner interested in the subject matter of the suit.   His contract was merely the personal obligation of the plaintiff to pay, but the amount of the payment depended upon the amount of the recovery.

The court in the opinion on this question intimate that if there was an assignment of the attorneys' fees to Boyd & Ofiel, the judgment would be void.   Under the authority of Weeks, cited above, this was precisely what there was.   A contract to pay over a certain part of a cause of action when put in judgment and collected is an assignment thereof.   Such was the precise contract Patton & Welborne alleged they made with Boyd & Ofiel, and such was the precise contract the court in the judgment finds they made.   The only case we have been able to find in the books directly in point is that of Howell v. Budd, 27 Pac. Rep., 747.   California has a statute disqualifying a judge from trying a case where his relative in a certain degree is a party, almost identical with the Texas statute.

GAINES, CHIEF JUSTICE.—The following questions have been certified for our determination by the Court of Civil Appeals for the Second Supreme Judicial District:

"Appellants sued.appellee in the County Court of Wichita County on several promissory notes amounting to $260.29.   The notes contained this clause: 'And ten per cent attorney's fees if collected by law or if placed with attorney for collection.   Value received.   Given for a bill of

furniture, an itemized bill of which is hereto attached, marked Exhibit A, upon which the vendor's lien is reserved, and in default of payment of this note all of said notes shall mature. No. 8. (One of 12.) S. M. Collier.'

"W. P. Skeen was judge of the County Court, and was a brother-in-law to J. J. Ofiel, the judge having married Ofiel's sister. The law firm of Boyd & Ofiel, of which J. J. Ofiel was a member, filed and prosecuted the suit to judgment in the County Court.

"The petition on the notes contained this allegation: 'That the plaintiffs have been compelled to employ Boyd & Ofiel, attorneys at law, to bring suit for their collection, and have agreed to pay them the amount. of money mentioned in said notes, as attorneys, for their services.'

"The judgment, which was by default, contained the following recital: 'And it further appearing to the court that plaintiffs had employed Boyd & Ofiel, attorneys, to enforce payment of said notes by instituting suit, and agreed to pay them said ten per cent specified in said notes on the default of the defendant to pay same at maturity as contracted in said notes.' Then follows judgment in favor of appellants. for $260.29, which amount includes the attorney's fees, and also the judgment recites that, 'It further appearing to the court that said notes were given for the payment of the following described personal property, upon which the vendor's lien is expressly reserved and retained in said notes for the payment of the same, to-wit: (Here follows an itemized statement of the furniture for which the notes were given), it is ordered, adjudged and decreed by the court, that plaintiffs' lien on the said furniture be foreclosed, and that an order of sale issue "directing the sheriff or any constable of Wichita County to seize and sell the same as under execution, and that he apply the proceeds thereof" to the payment of the judgment,' etc.

"This judgment was entered December 5, 1893, and on June 13, 1894,. upon motion of Patton & Welborne, with due notice and resistance on the part of Mrs. Collier, it was corrected and re-entered by the County Court, Judge Skeen again presiding, so as to leave out the clause reciting that Boyd & Ofiel were to have the 'said 10 per cent specified in said. notes,' the judgment on the motion reciting that this clause was inserted in the original judgment by mistake, and that it was not true. No other proof that Ofiel was interested was made.

"An order of sale was issued on January 3, 1894, which contained the same description of the property as found in the judgment, and was delivered to the constable on the 5th day of January, 1894, who advertised it on that day and notified Mrs. Collier that he had the order of sale and had advertised the furniture for sale, to be sold on the 15th day of January, 1894, and that she could keep the property until sale day, but he did not take possession of the property by seizing it and taking it from her. On the sale day he came to make the sale and she opened the room doors. where the furniture was, going from room to room, and he sold it just.

as it was set up in the rooms, and the same was delivered to the purchasers, who came back after the sale and carried it away. Mrs. Collier bid in some of the furniture, but she testifies that she had to do so, to have a bed to sleep on. She did not object to the sale, nor the want of a levy, nor to the property's being carried away.

"This suit is to recover from the plaintiffs in the order of sale the value of the goods taken from her by the constable under said order, and their liability is based upon the two grounds involved in the following questions, which we deem proper to certify to your Honorable court:

"1. Was the judgment in the County Court void by reason of the relationship existing between the county judge and the plaintiffs' attorney Ofiel? Howell v. Budd, 27 Pac. Rep., 747; Winston v. Masterson, 87 Texas, 200 (27 S. W. Rep., 768); Hodde v. Susan, 58 Texas, 389; Newcome v. Light, 58 Texas, 147; Land Co. v. Howe, 3 Texas Civ. App., 318.

"2. Was the sale void for want of a formal levy of the order of sale as required by statute in case of executions? Rev. Stats. 1895, art. 2349; Hastings v. Morris, 70 Texas, 29; 2 Freeman on Ex., sec. 274; Freeman on Void Judicial Sales, sec. 26; Dickinson v. Mail, 32 S. W. Rep., 378; Dickinson v. Mail, 31 S. W. Rep., 1083; Brown v. Lane, 19 Texas, 203; Gunter v. Cobb, 82 Texas, 598; Newman v. Hook, 90 Am. Dec., 378; 1 Freeman on Ex., secs. 274, 339."

I. The original judgment in question was not void as between the plaintiffs and the defendants. Boyd & Ofiel, the plaintiffs' attorneys, were not parties to the suit. It is evident that these names were mentioned in the petition merely for the purpose of alleging the happening of the contingency upon which the plaintiffs under the contract were to become entitled to the additional ten per cent upon the amount of the notes. So much of the original judgment as sought to give them a judgment for the attorneys' fees, was a nullity. In Dunlap v. Southerlin, 63 Texas, 38, the court say: "A judgment rendered against a person not before the court would be void, and it is not perceived that a judgment against a defendant in court at the suit of named plaintiffs, upon a cause of action accruing to them alone, in favor of a person in no manner a party to the action, can stand upon any higher ground."

From the statement accompanying the question, we do not think that it appears that the attorneys had any pecuniary interest in the recovery. The allegation in effect is that, in consideration of their bringing the suit, the plaintiffs had agreed to pay them for their services as attorneys the amount of money mentioned in the notes as attorney's fees. It is not that the plaintiffs had assigned to them the ten per cent. The amount is referred to merely for the purpose of showing the compensation which the plaintiff had promised to pay for bringing the suit. If it had appeared that plaintiff had assigned to his attorneys a part of the note, we should have had a different case. But a simple interest in the amount of the recovery, such for example as would have disqualified the attorneys from testifying

in the case at common law, would not have disqualified the judge from sitting on account of his relationship to one of them.    Winston v. Masterson, 87 Texas, 200.

The court, at the instance of the plaintiffs and upon notice to the opposite party, had the power to amend the entry of the judgment at a subsequent term.    Rev. Stats. 1895, article 1356.    Had that power been erroneously exercised, which does not appear, the amended entry could not be attacked in this collateral action.

II.    We are also of opinion, that a levy by the constable was not necessary to the validity of the sale.    In Lloyd v. Wyckoff, 11 N. J. L., 227, the court say:    "The expression 'to levy on goods and chattels,' is one that has been long used in the English law books, and in those of our neighboring states; and wherever found, it means to do the act, or acts, by which a sheriff sets apart and appropriates, for the purpose of satisfying the command of his writ, a part or the whole of the defendant's goods and chattels.    The usual mode of levying in England, is by seizing part in the name of the whole.    Tidd's Practice, 924."    One object of the levy is to set apart from the effects of the execution debtor a sufficient amount of his property, subject to forced sale, to satisfy the judgment against him.    Another is to secure the property against its disposition by the defendant in the writ during the interval between its seizure and its sale.    Since a decree establishing a lien upon certain specific property and an order directing its sale for the payment of the judgment designates the property to be sold, it is evident that a levy is not necessary for that purpose.    In case of personal effects, it is proper for the protection of the plaintiff in the foreclosure decree, that the officer should have power to seize and hold the property until a sale can be effected; and, in case the officer fail to exercise such power and it should be removed before sale, he would doubtless be liable to the plaintiff for any loss which may result from his failure to make the seizure.    But it is not perceived that any injury could accrue to the defendant from his being permitted to enjoy the possession of the property until the day of sale.    The only decisions upon the precise point to which we have been referred are in accordance with this view.    Ewing v. Hatfield, 17 Ind., 513; Smith v. Barnes, 8 Kan., 197.