Robert RUNYON et al., Appellants,

v.

J. C. GEORGE, Appellee.

No. 3643.

Court of Civil Appeals of Texas.

Eastland.

July 21, 1961.

Rehearing Denied Sept. 8, 1961.

Polk Hornaday, Harlingen, for appellants.

Garcia & Warburton, Brownsville, for appellee.

COLLINGS, Justice.

Robert Runyon and others, resident property owning citizens and qualified voters of the City of Brownsville, as contestants, filed notice and statement of an election contest against J. C. George, mayor of the City of Brownsville, as contestee. It was

alleged in such notice and statement that it was the intention of contestants to file and that they would file a contest of a special election held on July 8, 1960, for the purpose of amending the city charter by creating and establishing a public utilities board to manage and control the utility system of the city, establishing the office of such board members and electing the four initial members thereof by including the names of the proposed members in the proposed charter amendment. . The names of such board members, however, were not listed on the ballot.

Service of a copy of the notice was made on the contestee, J. C. George, mayor of the city, and he duly answered. He sought to have the suit abated because of an alleged defect in parties. He alleged and urged, among other things, that the public utilities board and its elected members were necessary parties to the suit, and since they were not made parties the proceeding should be abated and dismissed. Contestee also sought to have the suit abated on the ground that contestants failed to allege that they had an interest in the contest different from that of the public at large. Prior to a hearing on the pleas in abatement, contestants moved that the trial judge disqualify himself on the grounds that he was a taxpaying citizen of the city whose charter was sought to be amended and further that the judge was a brother of the attorney for the contestee. Contestants also sought to have the proceeding transferred to another district court because the statute creating the 138th District Court required that court to give preference to the trial of criminal cases.

The court overruled contestants' motion for disqualification of the trial judge and for a transfer of the cause to another court. The court sustained the above-noted pleas in abatement and dismissed the proceeding. Contestants have appealed.

■ We overrule appellants' point urging that the trial court erred in refusing to sustain appellants' motion for disqualification of the trial judge. The in-

terest of the judge as a citizen of the City of Brownsville was that in common with the public at large and did not disqualify him from sitting in this election contest. Hidalgo County Water Improvement District No. 2 v. Blalock, 157 Tex. 201, 301 S. W.2d 593. Neither was the trial judge disqualified because of the fact that he was the brother of the attorney for contestee. Relationship to an attorney is not relationship to a party to the suit and is not under the facts of this case a ground for disqualification. 25 Tex.Jur. 288; Patton v. Collier, 90 Tex. 115, 37 S.W. 413.

■ Appellants' point urging that the court erred in refusing their motion to transfer the cause from the 138th Judicial District Court is also overruled. Appellants' contention is that the 138th Judicial District Court was not the proper forum because the Election Code provides that election contests shall take precedence over the trial of other cases and that the statute creating the 138th Judicial District Court provides that such court shall give preference to criminal cases. Cameron County has three district courts. All three courts have civil jurisdiction. Under Rule 330, Subdivision (e), Texas Rules of Civil Procedure, the judges of such courts may in their discretion transfer cases from one court to another. Appellants filed this action in the 138th Judicial District Court. After the case was filed they were notified by the trial court of the statutory provision concerning preference to criminal cases in the 138th Judicial District Court and although so informed, insisted that the cause should not be transferred to one of the other district courts. When the cause came on for trial there had been a change of attorneys for appellants and the motion to transfer was urged although the trial court indicated its intention to go ahead and try the case in spite of the criminal cases which had also been set for trial at the same time. In our opinion no abuse of discretion is shown in overruling the motion to transfer and in proceeding to try and dispose of the case.

Appellants' first point urges that the court erred in sustaining contestee's plea in abatement number 2 and in holding that the public utilities board and its members were necessary parties. Appellants' second point urges that the court erred in sustaining contestee's plea in abatement number 4 on the ground that contestants' pleadings failed to allege any facts showing that they had a justiciable interest in the contest. These points are overruled.

The Election Code Volume 9, Vernon's Tex.Civ.St., Articles 9.30 and 9.31 provide as follows:

"Art. 9.30. Other contested elections.

"If the contest be for the validity of an election held for any other purpose than the election of an officer or officers in any county or part of a county or precinct of a county, or in any incorporated city, town, or village, any resident of such county, precinct, city, town, or village, or any number of such residents, may contest such election in the district court of such county in the same manner and under the same rules, as far as applicable, as are prescribed in this chapter for contesting the validity of an election for a county office.

"Art. 9.31. Parties defendant.

"In any case provided for in the preceding Section, the county attorney of the county, or if there is no county attorney, the district attorney of the district, or the mayor of the city, town or village, or the officer who declared the official result of said election, or one of them, as the case may be, shall be made the contestee, and shall be served with notice and statement, and shall file his reply thereto as in the case of a contest for office; but in no case shall the costs of such contest be adjudged against such contestee, or against the county, city, town, or village which they may represent, nor shall such con-

testee be required to give bond upon an appeal."

Appellants rely upon the above articles of the Election Code and upon the case of Turner v. Lewie, Tex.Civ.App., 201 S.W.2d 86, as authority for the proposition that the mayor of the City of Brownsville was the only necessary party to this election contest and that the court erred in holding that the members of the public utilities board were necessary parties and also erred in holding that contestants were not proper parties to bring this proceeding. We cannot agree with this contention.

The election for a charter amendment involved not only the creation of an administrative agency designated as the public utilities board to take over a portion of the public functions theretofore exercised by the city commission of the City of Brownsville, but also involved the election of officers to serve on such board. The amendment recited in detail the creation and functions of the board, and the names, terms of office and duties of the original members. When the election returns were canvassed the initial membership took oaths of office and entered into the performance of the duties thereof. The notice and statement of contest indicates that part of the attack on this election is directed at the members of the board. It complains that the nomination of the board members did not comply with the law, and attacks the eligibility of one to be nominated. A successful attack of this election without the presence of the board members as parties would deprive them of office without an opportunity to be heard. The right to hold office is a property right. It is protected by the constitution. Texas Constitution, Article I, Section 19, Vernon's Ann. St.; 34 Tex.Jur. 329. The question of such a right may be examined only in a proceeding to which the officeholder is a party. 62 C.J.S. Municipal Corporations § 468, p.. 904.

In our opinion Article 9.30, supra, does not contemplate or include contests of

elections held for the election of city officers and does not authorize the contest thereof by "any resident" or "numbers of residents". Since this is not a contest of the validity of an election held for a purpose other than "the election of an officer or officers" of a city as provided in Article 9.30, supra, then Article 9.31, supra, which authorizes a contest to be brought against the mayor alone is not applicable. The case of Turner v. Lewie relied upon by appellees is not controlling. The contest in that case was of the validity of an election held for a purpose other than for the election of an officer or officers of the city. It came squarely within the provisions of Article 9.30. It was the contest of an election held for the purpose of an amendment of a city charter so as to change the form of city government and did not involve the election of any city officer as is here the case.

The judgment of the trial court is affirmed.