## W. W. VARN ET AL. v. RITA T. VARN.

Decided January 19, 1910.

**1.—Reformation of Judgment—Practice.**

A trial court has the power during the term to reform or amend its judgment so as to make it speak its will; and a failure to make a formal motion to do so or to give formal notice of the motion to parties adversely interested is not reversible error in the absence of a showing that the party complaining was in some way prejudiced thereby.

**2.—Appeal—Proposition not Germane to Assignment.**

The appellate courts will not consider a proposition which is not germane to the assignment of error upon which it purports to be based.

**3.—Same—Grouping Assignments.**

The grouping of and presenting together a number of assignments of error presenting different propositions of law in no wise dependent upon or connected with each other, is in violation of the rules, and the assignments should not be considered. The assignments in such case should be followed by propositions clearly indicating the matters of which appellant complains.

**4.—Divorce—Fee of Attorney for Wife—Liability of Husband.**

The husband is liable for attorney's fees incurred by the wife in prosecuting or defending a suit for divorce.

Appeal from the District Court of El Paso County. Tried below before Hon. Jas. R. Harper.

*M. W. Stanton,* for appellants.

*Joseph M. Nealon,* for appellee.

FLY, ASSOCIATE JUSTICE.—W. W. Varn instituted a suit for divorce against his wife, Rita T. Varn, appellee in this case, and praying in addition that all property, real and personal, in his possession in El Paso County, Texas, be adjudged his separate property and be set aside to him and that the cloud upon the title to the same arising from claims of his wife be removed. He sought a divorce on the ground of cruel treatment and outrages on the part of the wife, such as rendered their living together insupportable.

Appellee answered by general denial and counter charges against her husband of improper and criminal relations with another woman. She further answered that Varn was a wealthy man possessed of much valuable community property in the States of Texas and Alabama and that he had made fraudulent sales of parts of it to Ernest P. Hughes and W. H. Albritton, and that one W. F. Payne had conveyed to J. E. Varn an interest in certain real estate in El Paso which really belonged to her husband and was community property. She asked that Albritton, Hughes and J. E. Varn be made parties to the suit, and that the conveyances to Albritton and Hughes be canceled and the property conveyed to J. E. Varn be declared to be community property of herself and husband. She afterwards applied for alimony, *pendente lite,* alleging that her husband was worth

$250,000, and that $300 a month would be a reasonable sum to allow for the support of herself and the minor child of herself and husband.

J. E. Varn answered by pleas to the jurisdiction and in abatement, by general and special exceptions, general denial, and special plea that he was the owner of the property purchased from W. F. Payne. Hughes and Albritton filed similar pleas to those of J. E. Varn and claimed to have, in good faith, bought the property sold to them by W. W. Varn.

After filing various amendments, supplements, and motions, on February 12, 1909, the appellants, who consist of all the parties except Mrs. Varn, filed a motion to strike out the plea for alimony and attorney's fees and dismiss the cause, which was overruled. The motion was renewed on February 13, and again overruled by the court. On the same day W. W. Varn filed an amended motion to dismiss the suit and resisting the application for alimony and attorney's fees, which was overruled. Mrs. Varn then abandoned her application for alimony and it was ordered that she take nothing as to the alimony and pay all costs incurred by appellants by reason of such application, and appellants renewed their motion to dismiss the suit which was again denied. The matter was taken under advisement and on February 22, 1909, the following judgment was rendered:

"This cause coming on to be heard this day, and the plaintiff appeared in person and by his attorney, and the defendant appeared by her attorney, the plaintiff moved to dismiss his petition, and the court having read the pleadings of plaintiff and defendant and having considered said motion and having heard evidence upon the prayer of defendant for judgment for attorney's fees and having heard the argument of counsel thereon, it is considered, ordered and adjudged by the court that the defendant, Rita Terisita Varn, do have and recover of the plaintiff, W. W. Varn, all costs in this behalf expended and that said defendant do have and recover of said plaintiff the sum of Five Hundred Dollars ($500) attorney's fees, for which let execution issue.

"It is further ordered that said attorney's fees be paid in to the clerk of this court and by him paid to defendant's attorney of record.

"It is further ordered that defendant's cross-action against J. E. Varn, W. H. Albritton and E. P. Hughes be dismissed and that the said J. E. Varn, W. H. Albritton and E. P. Hughes go hence without day.

"It is further ordered that plaintiff's motion to dismiss be granted at plaintiff's cost, and that the officers of the court do have and recover of the plaintiff all costs in this behalf expended for which let execution issue."

Appellants applied for a new trial and also moved a reformation of the judgment, which were overruled by the court. The court made an order reforming the judgment on February 27, 1909, by dismissing the cause as to J. E. Varn, W. H. Albritton and E. P. Hughes. This was done, however, in the original judgment.

The court had the power to reform or amend its judgment so as to make it speak its will. Appellants were in court at the time and

had presented motions for new trial, to retax and to reform the judgment, and lack of notice to them, claimed in the first assignment of error, is not supported by the record. On the other hand, the bill of exceptions, framed by appellants, to the action of the court shows that they were in court and had actual notice of the change in the judgment. How such amendment of the judgment could have injured appellants is not shown nor sought to be shown. They simply wanted a formal motion filed and a formal notice served on them without showing that they were prejudiced by the absence of such formal motion and notice. Appellants obtained all the privileges and rights they would have had from the formalities demanded. System and order are matters greatly to be desired in all the important affairs of life, and the formalities of the law should usually be observed, but a failure to observe them, with no resulting injury, will not be made the vehicle for going behind the judgment of a court. Upon what grounds appellants object to the dismissal of the cross-action of appellee against J. E. Varn, Hughes and Albritton have not been presented, or in what manner it injured them, is not apparent.

Under the first assignment of error which complains of nothing but the reformation of the judgment by adding: "It is the further order that defendant's cross-action against J. E. Varn, W. H. Albritton and E. P. Hughes be dismissed and that said J. E. Varn, W. H. Albritton and E. P. Hughes go hence without day," appellants have an "additional proposition" which seeks to raise the question of the propriety of the court's action in assessing all the costs against W. W. Varn. The proposition is not germane to, but totally unsupported by, the assignment and can not be considered.

The second assignment of error is to the effect that W. W. Varn "having signified his intention to take a nonsuit and having moved the court to dismiss his suit for divorce, the defendant, R. T. Varn, a married woman, had not the capacity, power and authority to maintain her suit or counter-claim for alimony *pendente lite* or for attorney's fees as an independent action, and the trial court, therefore, erred in making the order of date February 22, 1909, and by awarding judgment in favor of Rita T. Varn, a married woman, against her husband, W. W. Varn." The proposition can not be sustained. The application for alimony was withdrawn by appellee, and, of course, that part of the assignment referring to alimony is without foundation. The mere filing of a motion to dismiss could not have the power to at once destroy the claim of appellee for alimony and attorney's fees, as is contended through the assignments of error.

The third, fourth, fifth, sixth, seventh, eighth and ninth are grouped and presented as propositions. The third has two propositions within itself, the first to the same effect as the second assignment of error, and the second is stated as a corollary to that proposition and is that, the court erred in refusing to dismiss the suit for divorce. The fourth assignment assails the action of the court in overruling all the motions made by appellants and the motion to dismiss. The fifth is to the effect that the court erred in not dismissing the suit. The sixth is that the court erred in repeatedly overruling motions

made by appellants to dismiss the cause. The seventh complains of a motion which was filed on February 13, 1909, being overruled, and to identify it refers to the first bill of exceptions. The eighth and ninth assignments, stripped of their argument, are that the court erred in awarding a judgment for attorney's fees. The presentation of a number of assignments of error, presenting different propositions of law in nowise dependent upon or connected with each other, is in violation of the rules and should not be considered. The assignments should have been followed by propositions clearly indicating the matters of which appellants complain. However, as the action of the court in awarding a judgment against W. W. Varn is made the subject of a number of other assignments the court has considered it. The pleadings of appellee were sufficient to form a basis for the judgment for attorney's fees, and it has been held in this State that the husband is liable for attorney's fees incurred by the wife in prosecuting a suit for a divorce whether prayed for by the wife in the suit for divorce, or sued for by the attorney of the wife in a separate action. McClelland v. McClelland (Texas Civ. App.), 37 S. W., 350; Ceccato v. Deutschman, 19 Texas Civ. App., 434. The propriety of those decisions is not questioned by appellants, but the real ground of their complaint is that they were not permitted by the court to defeat the claim of appellee for attorney's fees incurred in defense of herself in a suit instituted against her by her husband, by dismissing the suit, after she had incurred the expense of employing counsel. Appellants proceed throughout their brief on the theory that the suit of W. W. Varn was dismissed and that some time afterward appellee was awarded a judgment for $500 for attorney's fees. The decree of the court indicates that the judgment for attorney's fees and of dismissal were rendered at one and the same time. It was all done in the same proceeding. Appellee had been brought into court by a petition for divorce filed by her husband, she had answered setting up a claim against him for attorney's fees which she alleged were necessary in the employment of an attorney to represent her before the court. The court heard testimony on the subject and rendered judgment for the attorney's fees. There was no error in his action.

The objections to the testimony as to the value of the services of the attorney of appellee were properly overruled. The judgment is affirmed.

*Affirmed.*