### BECKER v. BECKER.   (No. 2052.)

Court of Civil Appeals of Texas. El Paso.
Oct. 20, 1927.

Rehearing Denied Nov. 10, 1927.

**1. Divorce ⬤⇒249(1)—Division and disposition of property in divorce suit are solely within province of court (Rev. St. 1925, art. 4638).**

Under Rev. St. 1925, art. 4638, question of division and disposition of property in divorce suit is matter solely within province of court.

**2. Divorce ⬤⇒253—Court's exercise of discretion in partitioning property on divorce, in disregard of recommendations of jury, held not error (Rev. St. 1925, art. 4638).**

Where, in suit for divorce, court improperly submitted to jury queston of division and disposition of property, action of court in disregarding jury's recommendations and partitioning estate in exercise of his own discretion under Rev. St. 1925, art. 4638, was proper, and rendered error in submitting question harmless.

**3. Divorce ⬤⇒281—On judgment showing wife's consent, appellate court held without power to disturb final division of property on wife's appeal.**

In suit for divorce in which real estate belonging to parties was partitioned, action of court as shown by judgment in re-alloting respective shares, after objection of wife to commissioner's report, *held* not reviewable at instance of wife, where judgment showed that she accepted offer to change allotment in open court, withdrew objections, and agreed to division as finally made.

**4. Appeal and error ⬤⇒662(2)—Uncontradicted recitals of judgment are taken as true on appeal.**

Recitals of judgment are taken as true on appeal, where there is nothing in record to contradict them.

**5. Divorce ⬤⇒308—Judgment in divorce suit, providing for assumption by husband of debts, in lieu of allowance for support of children, held valid as to wife.**

Though court has no authority to remove from father moral and legal liability for support of minor children, judgment in divorce suit for division of community property providing for assumption by husband of debts in lieu of allowance for support of children *held* valid as to divorced wife and mother.

**6. Divorce ⬤⇒254—Court had authority to enter divorce decree postponing rendition of final judgment until filing of report of commissioners appointed to partition community property.**

In suit for divorce, court had authority to enter judgment granting decree and awarding

custody of children and providing for division of property to be had under commissioners' partition, and for entry of final judgment after filing of commissioners' report.

**7. Divorce ⊝254—Judgment granting divorce with provision for partition of property by commissioners held to permit subsequent entry of "final judgment" disposing of property rights.**

Judgment granting wife divorce and custody of minor children, and appointing commissioners to partition community property with provision for final determination of property rights on commissioners' filing of report, *held* not final judgment, and judgment ultimately entered in case disposing of parties' property rights after filing of commissioner's report constituted "final judgment," and was therefore valid.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

**8. Divorce ⊝197—Wife having reasonable grounds for divorce and bringing action in good faith may, in divorce action, recover from husband reasonable attorneys' fees incurred.**

Where wife has probable grounds for divorce, and brings her action in good faith, husband is liable for reasonable attorneys' fees incurred by wife on ground that such expenses are necessaries, and allowance for wife's attorneys' fees may be made in divorce action.

**9. Divorce ⊝197—Where wife recovered divorce, failure of court to award her full amount of reasonable counsel fees as against husband held error.**

Where wife was granted divorce, and jury found reasonable counsel fees of wife to be $5,000, husband was liable in divorce suit for entire amount of such counsel fees, and action of court dividing fees between parties was error, as wife's recovery was sufficient proof that action was brought by her in good faith, and that she had reasonable grounds for divorce.

**10. Divorce ⊝188—Apportioning between husband and wife costs, principally incurred through partition of community property in divorce suit, held not abuse of discretion (Rev. St. 1925, art. 4641).**

In suit for divorce, in which court directed partition of property and appointed surveyors and commissioners of partition, action of court in apportioning costs between husband and wife *held* not abuse of discretion vested in trial court under Rev. St. 1925, art. 4641, with regard to award of costs in divorce suit.

Error from District Court, Dallas County; Claude M. McCallum, Judge.

Suit by Maria Katherine Becker against Jacob Becker for divorce, in which defendant interposed a cross-action. From a judgment granting plaintiff a divorce and disposing of the community property, plaintiff brings error. Affirmed in part, and reversed in part, and rendered.

E. G. Senter, of Dallas, for plaintiff in error.

J. D. Crutcher, A. S. Jackson, and K. R. Craig, all of Dallas, for defendant in error.

PELPHREY, C. J. Plaintiff in error filed suit for a divorce from defendant in error in the district court for the one hundred first judicial district at Dallas, Tex., on the ground of cruel treatment. She prayed for a divorce, custody of the minor children, seven in number; an injunction restraining defendant in error from interfering with plaintiff in error in the conduct of a dairy business which she was conducting, and for attorney's fees in the sum of $5,000.

Defendant in error answered by general demurrer, special exceptions, a general denial, and a cross-action for divorce on the grounds of cruelty, and prayed for a division of the community property. Plaintiff in error, by a supplemental petition, demurred generally to defendant in error's cross-action, and denied generally, and specially the matters alleged in the cross-action. Defendant in error by supplemental answer excepted generally and specially to the supplemental petition, and particularly to the part of the petition respecting attorney's fees.

The case was tried before a jury, who found on the issues submitted as follows:

(1) That the material allegations upon which plaintiff prayed for a divorce were true.

(2) That the material allegations of defendant's cross-action, with reference to the assault and battery made upon him by his two sons, Fred and Heine, were true.

(3) That the material allegations of defendant's cross-action, with reference to the plaintiff standing by and witnessing the assault without interfering or protesting, were not true.

(4) That the sum of $900 belonging to plaintiff as separate estate was intermingled with the community estate.

(5) The jury recommended that the plaintiff be given full custody of the homestead and all personal property thereon to be held in trust for the children, and that the remainder of the property be disposed of as the court should see fit.

(6) That the value of the 95 acres upon which the residence of plaintiff and defendant was situated was $75,000.

(7) That the market value of the 7½ acres of land in North West Dallas near Maple avenue was $7,500.

(8) That the market value of the dairy cattle and other personal property on the farm of plaintiff and defendant was $4,000.

(9) That a reasonable attorney's fee for plaintiff's counsel in the cause was $5,000.

On September 2, 1925, judgment was rendered in the present case as well as in No.

51272, Jacob Becker v. Fred Becker, which case had theretofore been consolidated with the case in which this appeal is taken. ·

The court in its judgment granted to plaintiff, Maria Katherine Becker, a divorce; awarded to her the custody of the minor children; decreed to plaintiff and defendant each an equal undivided one-half interest in five certain tracts of land, and also certain personal property; found the property in question to be susceptible of partition in kind; appointed commissioners of partition; and reserved all other matters in litigation for determination in the final decree to be entered upon the return of the commissioners of partition.

The report of the commissioners was filed December 9, 1925, and thereafter, on the 4th day of March, 1926, the court rendered judgment awarding shares Nos. 1, 2, 3, 4, and 8 to Jacob Becker, and shares Nos. 5, 6, and 7 to Maria Katherine Becker, the commissioners having, for the purpose of partition, divided the property into eight shares, and having reported that shares Nos. 1, 2, 3, 4, and 8, together with the personal property, were of an aggregate equal value to shares Nos. 5, 6, and 7. ·

The court found that on the community property partitioned there existed debts totaling $6,803.17, together with interest thereon, and decreed that these debts should be assumed by defendant in lieu of an allowance for the support, maintenance, and education of said minor children, and the $900, which was shown to be the separate estate of plaintiff.

The court further decreed that the $5,000 attorney's fee in the case should be paid one-half by plaintiff and one-half by defendant, and that the costs be taxed equally between the parties.

Maria Katherine Becker has sued out a writ of error from said judgment.

### Opinion.·

Plaintiff in error asked for a reversal of the case upon the following propositions:

"(1) The court having submitted to the jury in special issue No. 5: 'What provision, if any, as to the homestead rights do you make in this case?' and the jury having answered, 'We recommend that the remainder of the property be disposed of as the court sees fit; that plaintiff be given full custody of the homestead and all personal property thereon to be held in trust for the children,' it became the duty of the court to respect said finding of the jury, and it was without lawful power to partition the estate as it did without making suitable provision for the support of the minor children.

"(2) The court having granted a divorce to the plaintiff, Mrs. Becker, having awarded her the custody of the minor children, it appearing from the finding of the jury that there was sufficient property belonging to the defendant, Jacob Becker, the father of the minor children, to ·provide for their support, it was the duty of the court to make such provision out of his share of the estate, and, in failing so to do, the court committed such an error as requires review and correction on appeal.

"(3)· The court was without lawful power to render judgment as it attempted to do relieving the husband and father, Jacob Becker, from responsibility for the support, maintenance, and education of the minor children, upon the ground that their custody had been awarded to the mother.

"(4) The case having been tried and the judgment of the court granting a divorce to' the plaintiff having been entered on the 11th day of July, 1925, the court was without lawful power to split the action and continue a section of it relating to the partition of the property to a succeeding term, and the judgment of the court thereafter entered at a succeeding term attempting to partition the property therefore a nullity, and wholly void. The jury having found in favor of the wife on her application for a divorce, and the court having entered judgment on such finding granting the plaintiff, Mrs. Becker, a divorce from her husband, Jacob Becker, the court was without power under the pleadings in the case and under the findings of the jury to tax an attorney's fee of $2,500 against the plaintiff, Mrs. Becker.

"(5) The judgment of the court, based on the verdict of the jury, granted the plaintiff, Maria Becker, a divorce from her husband, Jacob Becker, and, it appearing that there was community property of considerable value which, by the decree of the court, was partitioned between the parties, all of the costs of the proceeding, including attorney's fees, should have been taxed against the defendant, and it was an abuse of the discretion of the court to tax an attorney's fee of $2,500 against plaintiff."

[1, 2] We are of the opinion that the first proposition is untenable; the question of division and disposition of property in a divorce suit being one solely for the court, and the finding of the jury on the issue submitted was in no way binding upon the court.

Article 4638, R. S. 1925, places the duty upon the court to divide the estate of the ·parties in such way as the court shall deem just and right, having due ₁regard to the rights of each party and their children, if any; and there would be no room for the use by the court of the discretion imposed in it by this statute, if any finding of the jury as to₁ the manner in which the estate was to be divided could be held binding upon the court.

While the submission of the issue as to the disposition of the homestead was harmless, we think it should not have been submitted. Hedtke v. Hedtke, 112 Tex. 404, 248 S. W. 21.

[3, 4] We find the following recital in the judgment as to the division of the property:

"And it appearing to the court that the aforesaid commissioners divided the real estate belonging to the parties hereto into eight tracts or shares numbered from 1 to 8, inclusive, and awarded to the plaintiff, Maria Katherine Becker, shares Nos. 1, 2, 3, 4, and 8, and all the personal property, a description of which is set out in said report of the total value of $45,361, and

that such commissioners awarded to the defendant, Jacob Becker, shares Nos. 5, 6, and 7, of the aggregate value of $45,341, and said report being examined by the court and all objections and exceptions thereto, and the evidence in support of any against the same being heard, and upon consideration of such report and of the objections thereto made by the said plaintiff, Maria Katherine Becker, on said 16th day of January, 1926, the defendant, Jacob Becker, did then and there, in open court, offer in reply to plaintiff's objections to such report to exchange shares with the plaintiff, that is to say, he (the said defendant, Jacob Becker) offered to agree with plaintiff that the court might award to plaintiff the shares allotted to defendant in said report, and award to him the shares allotted in said report to plaintiff. Whereupon the plaintiff in open court accepted such offer, withdrew her objections to such report, and entered into such agreement, and it was then and there agreed, in open court, by and between the plaintiff and defendant and their respective attorneys of record herein, that the division of the real estate into the several tracts or shares as made by said commissioners be by the court approved, and that the court do now award and adjudge to the plaintiff, Maria Katherine Becker, such shares, numbers 5, 6, and 7 of the real estate described as follows:"

[5] If the above recital is true, and there being nothing in the record to contradict it, then this court is without power to disturb the judgment so rendered, and any assignments as to the court's action in so dividing the estate must be overruled. We agree with plaintiff in error as to her proposition No. 3, except in so far as the parties to this record are concerned. The court had no authority to remove from defendant the moral and legal liability for the support, maintenance, and education of his minor children, but the judgment, in so far as it affected his liability to plaintiff, we think, was a valid one.

[6, 7] We cannot agree with plaintiff in error in her contention that the judgment was a nullity. Rather do we believe that the judgment entered on the 11th day of July, 1925, was not a final judgment, it not disposing of all the issues in the cause, and that the judgment entered thereafter on March 4, 1926, is a final and valid judgment, and that the court was acting within the scope of its authority in delaying the rendering of a final judgment disposing of all the issues before it, until the commissioners of partition had filed their report. It is evident from the terms of the judgment entered in July, 1925, that it was not the intention of the court to at that time render a final judgment.

The question of the allowance of the attorney's fees presents a more serious question.

[8] The decisions seem to be uniform in holding that, in a case where the wife has probable grounds for divorce, and brings her action in good faith, the husband is liable for reasonable attorney's fees to her counsel in the action. It also seems to be well settled that such fees are allowed on the ground that they are "necessaries." McClelland v. McClelland (Tex. Civ. App.) 37 S. W. 350; Bord v. Stubbs, 22 Tex. Civ. App. 242, 54 S. W. 634; Woeltz v. Woeltz (Tex. Civ. App.) 57 S. W. 905; Varn v. Varn, 58 Tex. Civ. App. 595, 125 S. W. 639; McLean v. Randell (Tex. Civ. App.) 135 S. W. 1116; Yeager v. Bradley (Tex. Civ. App.) 226 S. W. 1079; Fasken v. Fasken (Tex. Civ. App.) 260 S. W. 698.

Our courts have also held that the court may in such cases make the allowance in the action for divorce. See authorities above cited.

The allowance in such cases is made upon the theory that the husband by his conduct has made it necessary for the wife to employ counsel for the purpose of protecting a right given her by law, and that the husband, having brought about the condition, should be liable for the expense incurred by her.

We have been able to find no authority for the court to allow, in a divorce action, attorney's fees, or any part thereof, against the wife.

[9] In the present case the jury found the reasonable counsel fees of the wife to be $5,000, and found that the material allegations in plaintiff's petition for a divorce were true. She therefore must have brought her action in good faith, and certainly had probable grounds for divorce. Under this state of facts we think the husband became liable for the attorney's fees, and the court should have assessed the whole amount against him. Our statute relative to costs in actions for divorce provides:

"Art. 4641, R. S. The court may award costs to the party in whose behalf the sentence or decree shall pass, or that each party shall pay his or her own costs, as the court shall deem reasonable."

[10] Under the facts of this case where the principal costs would apparently be that allowed the surveyor and the commissioners of partition, they being costs which equitably should be charged against the whole estate, we think the trial court was acting within the discretion allowed it by the statute in apportioning the costs as was done.

The judgment of the trial court is hereby reversed as to the allowance of attorney's fees, and judgment is here rendered against the defendant in error for the full amount of $5,000, and the judgment is in all other respects affirmed.