**O. Dean COUCH, Jr., Appellant,**

v.

**Patricia D. COUCH, Appellee.**

No. 3562.

Court of Civil Appeals of Texas.

Waco.

June 26, 1958.

Rehearing Denied July 17, 1958.

Joel W. Cook, Houston, for appellant.

C. O. Ryan, Coy U. Spawn, Jr., Houston, for appellee.

TIREY, Justice.

Plaintiff brought this suit for divorce and custody of three minor children and for partition of property. Mrs. Couch answered and filed cross-action for similar relief and for alimony and attorneys' fees. The cause was tried without the aid of a jury and at the conclusion of the evidence the court took the matter under advisement. In the judgment we find this recital: "Thereafter, before the decision of the Court had been announced, the plaintiff took a non-suit, moving the Court to dismiss his cause at plaintiff's cost. Thereafter, the Court having considered the pleadings, the evidence and the argument of counsel upon the issues raised by cross-plaintiff's cross-action * * * is of the opinion and finds that the material allegations of cross-plaintiff's cross-petition are not true and that cross-plaintiff is not entitled to a divorce from cross-defendant, but that judgment should be rendered as hereinafter set out upon the other issues raised by said cross-petition." The decree granted the motion for non-suit and denied a divorce to Mrs. Couch on her cross-action and awarded custody of the daughter, Patricia Deane Couch, to plaintiff, and the custody of the two minor boys, Michael Parr Couch and William Dale Couch, to Mrs. Couch. Proper awards were made to her for the support of the minor boys and proper orders were prepared, giving the parties certain rights as to visitation. We think the foregoing matters are not assailed by appellant. The court awarded to Mrs. Couch a judgment against her husband in the sum of $2,500 for attorneys' fees and adjudged the costs against her husband. Appellant excepted to the judgment entered and perfected his appeal and the case is here on transfer order of our Supreme Court.

The judgment is assailed on what appellant designates as four points. They are substantially to the effect that the court erred (1, 2 and 4) in finding that Mrs. Couch is entitled to recover the sum of $2,500 as attorneys' fees; and in finding that such sum would be a reasonable fee for the services of her attorneys up until the date of entry of the judgment; and in finding an implied contract for the payment of reasonable compensation to appellee's attorneys because her pleading alleged an express contract; and (3) in refusing appellant's request for a finding as to whether appellee, prior to the institution of this suit, had been guilty of misconduct entitling appellant to a divorce.

Appellant seasonably filed request for findings of fact and conclusions of law. We quote the pertinent parts of the findings of fact and conclusions of law:

"1. Cross-plaintiff, Patricia D. Couch, and cross-defendant, O. Dean Couch, Jr., are both residents of Harris County, Texas. Both parties have been actual bona fide inhabitants of the State of Texas for more than twelve months prior to the filing of the cross-action in this cause and have resided in Harris County, Texas, for more than six months prior to the filing of said cross-action.

"2. Cross-plaintiff and cross-defendant were lawfully married in Tarrant County, Texas, on or about February 19, 1939 and thereafter lived together as husband and wife until on or about December 7, 1956, when cross-defendant left cross-plaintiff, since which time they have not lived together as husband and wife.

"3. Three children were born to the marriage of cross-plaintiff and cross-defendant: Patricia Deane Couch, a girl, born November 17, 1940; Michael Parr Couch, a boy, born August 9, 1943; and William Dale Couch, a boy, born May 11, 1946. No child was ever adopted by cross-defendant and cross-plaintiff.

"4. Cross-defendant has not been guilty of such excesses, cruel treatment and outrages toward cross-plaintiff as to render their further living together insupportable. * * *

"8. The sum of $2500 would be a reasonable fee for the services rendered to the cross-plaintiff by her attorneys of record up to the date of the entry of judgment in this cause.

"Conclusions of Law
* * *

"2. Cross plaintiff is not entitled to a divorce from cross-defendant. * * *

"5. Cross-plaintiff is entitled to recover the sum of $2500 from cross-defendant as her attorneys' fees."

Cross-plaintiff seasonably filed request to the court to make additional findings of fact and conclusions of law; however, since we are of the view that the only question presented for our decision here is the amount awarded against appellant for attorney's fees, we quote only Finding of Fact No. 2 set out in the additional findings:

"2. There is no precise showing in this record of the time consumed in the hearing on temporary custody and alimony, which was not before the court which heard the case on the merits, but the court takes judicial notice of the fact that a contested hearing of that type, involving the issues present in this cause, would consume the best part of one day in court. The trial of this cause on the merits was set for 9:00 o'clock a. m. on August 6, 1957 and counsel for both parties were in attendance at that time, and remained in attendance upon the court until the introduction of evidence commenced at the time shown in the statement of facts. The introduction of evidence was concluded shortly before 5:00 o'clock p. m. on August 7, 1957. Thereafter, on the same day, a conference of not more than one hour's duration was held in chambers. On the following morning, August 8, an additional conference of substantially more than one hour's duration was held in chambers, which was primarily concerned with the issues relating to settlement of property rights, and the possible resulting Federal income tax problems for the parties. At that time, the court indicated the general nature of a property settlement agreement that he would approve, involving the payment to the cross-plaintiff of $35,000 in cash or its equivalent, and the imposition upon cross-defendant of an obligation to pay to cross-plaintiff a stated percentage of his net earnings over a period of ten (10) years, with all of the remainder of the community property to be awarded to cross-defendant. The court requested counsel for both parties to explore the possibility of arriving at such a settlement and to report to the court again on Monday, September 9, whether such a settlement could be finally agreed upon, and the court thereupon took the cause under advisement until said latter date. On Monday, September 9, an additional hearing of less than one hour's duration was held in open court, at which time counsel advised the court of the nature of the problems encountered in the drafting of a property settlement agreement of the type contemplated in the previous discussion with the court, and advised the court that after consideration and negotiation it appeared that such an agreement could not be made by the parties. Thereafter, on September 10, 1957, an extended conference was held in chambers, at the conclusion of which the court indicated in detail the type of judgment that he would render, including provisions for divorce, custody, visitation rights, child support and settlement of property rights, requested counsel to draft such a judgment for entry. Thereafter, on September 11, 1957, plaintiff took a nonsuit in writing and filed a motion to dismiss cross-plaintiff's cross-action. Cross-plaintiff filed a detailed reply to said motion. The motion to dismiss was set for hearing September 16, 1957, at which time cross-plaintiff and her counsel were in attendance upon the court and remained in

attendance for approximately one hour awaiting the arrival of counsel for cross-defendant, who was detained in another court. Finally, the court was advised that counsel for cross-defendant was not available and thereupon reset the hearing for Monday, September 23. On that date, all parties and their counsel appeared and the court heard argument and discussion of authorities on the motion to dismiss and the reply thereto, and at the conclusion of the argument rendered judgment denying the motion to dismiss and granting cross-plaintiff certain relief which she prayed for, but requested that evidence be presented the next day with respect to the amount of attorneys' fees to which cross-plaintiff was entitled. Cross-defendant requested leave at that time to present additional evidence generally on the following day. Said hearing on September 23, consumed approximately one hour. On September 24, the parties and their counsel appeared and cross-plaintiff had available witnesses to testify on the question of the amount of attorneys' fees, but the Court at that time declared that he did not wish to hear any further evidence of any description, but would hear argument and authorities upon the allowance of attorneys' fees. Thereafter, counsel presented argument and authorities to the court, and at the conclusion thereof the court announced that he would award judgment in the sum of $2500.00, and requested counsel to prepare and present for entry a form of judgment embodying all of the court's rulings. The hearing at that time consumed somewhat less than one hour. Thereafter, cross-defendant filed a motion to supersede the custody provisions of the court's judgment pending the final disposition of this cause on appeal, and also filed various written objections to the form of judgment drafted and presented by counsel for cross-plaintiff. The said motion to supersede and the objections to the form of judgment were heard on October 7, 1957, and counsel presented argument and authorities in support of their respective positions. At the conclusion of such argument the court overruled the motion to supersede, and ruled upon each of the objections to the form of judgment, and at the request of counsel for cross-defendant, directed that the judgment to be entered provide that the custody and support provisions thereof not become effective until five days thereafter, in order to allow counsel for cross-defendant to apply to the Court of Civil Appeals for relief with respect to supersedeas of the custody and support provisions of the judgment. Thereafter, on October 7, 1957, the court's judgment was drafted by counsel for cross-plaintiff and presented to the court for entry and duly entered. The court takes judicial notice of the fact that the proper, intelligent presentation to the court of a cause of this complexity, involving the numerous issues present here, requires a very substantial amount of time for research and for consultation with clients, with witnesses and with opposing counsel outside of the time actually spent in court."

Appellant excepted to the additional Findings of Fact, and such exceptions being overruled, he filed proper bills of exception.

■ Since appellant brought this suit for divorce and partition of property and for the custody of children, appellee had the legal right to employ counsel to represent her in order that she secure for herself all of her legal rights. This she could not do without employment of counsel, and in so doing her counsel were entitled to a reasonable attorneys' fee to be fixed by the court, regardless of whether she made an express contract for such fees or whether she impliedly contracted. Moreover, the fact that appellant decided to exercise his right to take a non-suit before the court entered its decision did not relieve the trial court of the duty to find and award reasonable attorneys' fees to his wife in this cause. We think this question is so well settled that it does not need to be labored. See Roberts v. Roberts, 144 Tex. 603, 192 S.W. 2d 774, 775 and authorities there cited. See also, Acts 1955, 54th Leg., Chap. 365,

**68**

page 934, now Art. 4639b, Vernon's Annotated Civil Statutes.

■ The only question about this judgment that has given us any concern is the question as to whether or not the award of the sum of $2,500 attorneys' fees is excessive under all of the facts and surrounding circumstances. We have reviewed the Statement of Facts and the trial court's Findings of Fact, and after fully considering the record, we believe that the trial court was in a better position to award a reasonable fee than is this court, and we have decided to overrule appellant's contention that the award of $2,500 is excessive. Being of this view, it follows that appellant's Points 1, 2 and 4 are overruled.

Since appellant took a non-suit, his third point passes out of the case and it is overruled.

■ Appellant has filed in this cause his motion to declare moot certain portions of the trial court's judgment heretofore entered in this cause. In this motion he sets out substantially that on December 5, 1957, his wife instituted suit for divorce against him; that he answered her suit and filed cross-action wherein he sought a divorce, and likewise sought to recover custody of their two minor boys, and thereafter the District Court of Harris County heard the petition of the parties for interlocutory relief, and after said hearing restored the custody of the two minor boys to him; that there was no appeal from said interlocutory order and the children are now in the custody of appellant. Appellant prays that the portion of the judgment of the trial court in this cause awarding to appellee the custody of the two minor boys be in all things reversed and insofar as the same involves the custody of said minors be dismissed as moot, and for such orders as may be proper. It is our view that there is no merit in this motion for reasons which we shall briefly set out. First of all, in the cause before us appellant in his brief did not assail the judgment of the court in awarding the custody of the two boys to appellee. Second, in Cause No. 498423 in the 127th Judicial District Court, wherein the interlocutory order was entered awarding the custody of the two boys to appellant, there was no appeal and that question is not before us. Moreover, the care and custody of the two boys is a matter that can be inquired into at any time that the best interests of the minors require that it should be done, and the action of the 127th Judicial District Court is not final, and the final action of said district court may or may not be appealed. There is certainly no occasion for this court to grant appellant the relief that he is asking here by his motion and it is overruled.

Finding no reversible error, the judgment of the trial court is affirmed.

HALE, J., took no part in the consideration or disposition of this cause.