In the Matter of the MARRIAGE OF Jody Martin PARR and Archer Parr.

No. 1140.

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 29, 1976.

Rehearing Denied Nov. 24, 1976.

**434**

A. J. Pope, III, Corpus Christi, for appellant.

Oscar Spitz, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This case is an appeal from the dismissal for want of prosecution of the divorce suit between Jody Parr (now deceased) and Archer Parr. From this dismissal without a determination of the claim for attorneys' fees by the attorneys for Jody Parr, the appellant, Bonnie M. White, Administratrix of the Estate of Jody Martin Parr, deceased, has perfected her appeal to this Court.

On June 25, 1973, Jody Parr filed suit for divorce against Archer Parr in the Court of Domestic Relations in Nueces County in Cause Number 118,573. In addition to Mrs. Parr's petition for divorce, she asked for an award of reasonable attorneys' fees to be assessed against Archer Parr. About one week later, July 3, 1973, Archer Parr filed suit for divorce against Jody Parr in the 229th District Court of Duval County in Cause Number 8705. On July 13, 1973, the Court of Domestic Relations in Nueces County issued a temporary restraining order which restrained Archer Parr from taking any further action in the divorce action pending in the 229th District Court of Duval County. On this same day, the Judge of the 229th District Court set for hearing the questions of alimony pendente lite and a request for temporary injunction filed by Archer Parr. Mrs. Parr's request for alimony pendente lite and temporary injunction in the Court of Domestic Relations of Nueces County were set for hearing on July 20, 1973. However, Mrs. Parr's attorneys appeared at the July 13th hearing in Duval County, served the temporary restraining order on Archer Parr and then filed a plea in abatement in the Duval County divorce suit, alleging the prior pendency of the Nueces County divorce suit as grounds for abating the Duval County divorce action. In a hearing on the plea in abatement in the Duval Court, Mrs. Parr's attorneys presented evidence on her plea in abatement. The Duval County Judge recessed the hearing without taking any action on the plea in abatement. On July 17, 1973, Archer Parr filed a verified response to the plea in abatement alleging bad faith and fraud on the part of Mrs. Parr in the filing of the Nueces County divorce action. A further hearing on the plea in abatement was held on July 19, 1973, in Duval County but again no ruling was made on the plea.

On July 20, 1973, a hearing on the temporary restraining order issued July 13, 1973, was held in the Nueces Court. At this hearing, Archer Parr filed an answer challenging the right of Mrs. Parr to the temporary orders and informing the Nueces Court of the then pending plea in abatement filed

in the Duval County suit. After an extensive hearing in Nueces County Court, the Court refused to proceed with the hearing pending the outcome of the Duval County hearing on the plea in abatement. After another hearing on the plea in abatement that was held in Duval County on August 15, 1973, the Duval Court overruled Mrs. Parr's plea in abatement on August 25, 1973. About nine months later, Mrs. Parr again asked the Nueces Court to set a hearing for alimony pendente lite. The Nueces Court denied this request on the grounds that since the Duval Court had denied her plea in abatement, the Nueces Court could not grant any affirmative relief.

On June 13, 1974, Mrs. Parr died. Motions to dismiss both the Nueces and Duval suits were filed by Archer Parr. Bonnie M. White, Administratrix of the Estate of Mrs. Parr filed an answer to the motion to dismiss in the Nueces Court seeking an allowance of some $135,000.00 in attorneys' fees against Archer Parr. On October 28, 1974, the Duval Court held a hearing on Archer Parr's motion to dismiss. At the conclusion of this hearing, the Court dismissed the suit and awarded $3,500.00 in attorney's fees against Archer Parr to Mrs. Parr's attorney, William Bonilla. William Bonilla perfected an appeal from the judgment to the Fourth Court of Civil Appeals. The appeal, however, was only on the question of attorney's fees. The Fourth Court of Civil Appeals affirmed the judgment of the Duval Court in awarding William Bonilla $3,500.00 attorney's fees. See *Bonilla v. Parr*, Docket No. 15,418 (Tex.Civ.App.—San Antonio April 7, 1976).

On February 13, 1976, the Nueces Court set a hearing for March 10, 1976, on the matter of whether the divorce suit should be dismissed for want of prosecution. On April 20, 1976, after finding that no one representing Mrs. Parr had appeared to prosecute the cause, the Nueces Court dismissed the divorce suit for want of prosecution. On May 7, 1976, Bonnie M. White, Administratrix of the Estate of Jody Martin Parr, deceased, filed a motion to reinstate the case. The motion was denied, whereupon Bonnie M. White perfected the appeal to this Court.

The appellant in her second point of error presents the controlling question involved in this appeal. The appellant complains that the Court of Domestic Relations of Nueces County was the only Court which had exclusive jurisdiction over the divorce between Jody and Archer Parr and, therefore, the only Court which had jurisdiction to assess attorney's fees.

The first question presented by this point of error is whether or not an attorney is entitled to an award of attorney's fees against a respondent where no final divorce is granted and the suit is dismissed. A husband may be liable for the attorney's fees of the wife when the suit is dismissed and no final decree of divorce is awarded. Under § 3.65 Tex.Fam.Code Ann. (1975) and its predecessor, Art. 4641, Tex. Rev.Civ.Stat.Ann., a divorce court may award costs to any party as it deems reasonable. The case of *Roberts v. Roberts*, 144 Tex. 603, 192 S.W.2d 774 (1946) is particularly applicable to this situation. In the *Roberts* case, the Supreme Court was presented with the certified question of whether or not it was error for a trial court to enter judgment in favor of a wife awarding attorney's fees against a husband after the divorce action had been dismissed. The Supreme Court pointed out that in situations where there is no reconciliation between the parties but the divorce is dismissed for some other reason (as in the case at bar), it is entirely proper for the trial court to award reasonable attorney's fees against the husband concurrent with its dismissal of the suit. See *Couch v. Couch*, 315 S.W.2d 64 (Tex.Civ.App.—Waco 1953, writ dism'd); *Varn v. Varn*, 58 Tex.Civ. App. 595, 125 S.W. 639 (1910, no writ); *Ceccato v. Deutschman*, 19 Tex.Civ.App. 434, 47 S.W. 739 (1898, no writ).

The next question raised by appellant's second point of error is which court was the proper forum to decide the question of attorney's fees. As was stated earlier, Mrs. Parr filed for divorce first in Nueces County. Next, Archer Parr filed for divorce in

Duval County. Then simultaneously, Mrs. Parr temporarily enjoined Archer Parr from proceeding with the Duval County suit and filed a plea in abatement to the Duval County suit. Next, the Duval County Court denied Mrs. Parr's plea in abatement. Finally, the Nueces Court refused to further enjoin Archer Parr and grant any other affirmative relief in the face of the denial of the plea in abatement filed in the Duval Court.

It is a well settled principal of law in this State that when one court denies a plea in abatement on the question of jurisdiction that court acquires dominant jurisdiction and the prior court action is postponed until a final disposition of the case is had in the second court. *Johnson v. Avery*, 414 S.W.2d 441 (Tex.Sup.1966); *V. D. Anderson Co. v. Young*, 128 Tex. 631, 101 S.W.2d 798 (1937); *Russell v. Taylor*, 121 Tex. 450, 49 S.W.2d 733 (1932); *Parr v. Hamilton*, 437 S.W.2d 29 (Tex.Civ.App.—Corpus Christi 1968, no writ). Based on these authorities, it appears clear to us that the Duval Court obtained the then present dominant jurisdiction over the divorce action upon its denial of Mrs. Parr's plea in abatement. The appellant, however, is contending to this Court that the Nueces Court retained its dominant jurisdiction over the divorce action through the vehicle of the temporary restraining order prohibiting Archer Parr from proceeding with the Duval County divorce proceeding. We do not agree.

The Nueces Court was incorrect in granting the temporary restraining order initially. However, such orders are usually issued only on the face of the pleadings and the appellant did plead that she had no adequate remedy. The Nueces Court corrected its error when, upon a hearing based on said restraining order, it refused to continue said order. An additional factor which mitigates against the appellant's position is the fact that on the same day the appellant sought and obtained the temporary restraining order in Nueces County, she proceeded to file her plea in abatement in the Duval Court. This amounts to seeking both

equitable and legal relief for the same problem at the same time. On the morning of July 13, 1973, the appellant was before the Nueces Court claiming no other remedy available except in equity and then that afternoon, she went to the Duval Court and pursued her legal remedy. Obviously, the prior existence of the restraining order was of no effect after the appellant filed her plea in abatement.

Since the Duval Court had dominant jurisdiction over the divorce proceeding, the next question is the effect to be given the judgment of that Court. The order of dismissal by the Duval Court was appealed to the Fourth Court of Civil Appeals. However, only the question of the reasonableness of the attorney's fees awarded to William Bonilla was questioned on appeal. The order overruling appellant's plea in abatement was interlocutory. *Parr v. Hamilton*, supra. If the appellant had disagreed with the denial of the plea in abatement, the proper forum to contest the question was at the appellate level. Since this was not done, the ruling by the Duval County District Court is now final. In its judgment dismissing the divorce action, the Duval Court heard evidence and made a determination on the question of entitlement to attorney's fees. Since the Duval Court had dominant jurisdiction to decide this question, its decision became res judicata on the Nueces Court.

A judgment is res judicata when there is identity of rights, questions, or facts put in issue and directly determined by a court of competent jurisdiction and they cannot be disputed in a subsequent suit between the same parties or with another so identified in interest with such parties that he represents the same particular issue previously tried. *McGuire v. Commercial Union Insurance Company of New York*, 431 S.W.2d 347 (Tex.Sup.1968); *Marange v. Marshall*, 402 S.W.2d 236 (Tex.Civ. App.—Corpus Christi 1966, writ ref'd n.r. e.); *White v. White*, 380 S.W.2d 672 (Tex. Civ.App.—Tyler 1964, writ ref'd n.r.e.). The only way the appellant could have avoided the res judicata effect of the Duval

Court's judgment would have been to appeal from the denial of their plea in abatement after the dismissal of the cause by the Duval Court. This, they failed to accomplish.

■ In summary, the facts and law indicate that upon denial of the appellant's plea in abatement, the Duval Court had dominate jurisdiction over the divorce action between Jody and Archer Parr. The jurisdiction of the Nueces Court was postponed and upon failure of the appellant to perfect an appeal from the denial of the plea in abatement, the Nueces Court became totally divested of any jurisdiction over the divorce. The Nueces Court was correct in dismissing the case. The better grounds for dismissal would have been for lack of jurisdiction but whatever the grounds, the action was correct. Appellant's second point of error is overruled.

■ An additional ground for affirming the judgment of the trial court is the fact that appellant's motion to reinstate the dismissed cause of action is not verified. Rule 165a, T.R.C.P. states that a cause which is dismissed for want of prosecution shall be reinstated upon finding, after hearing, that the failure of the attorney or the party seeking affirmative relief to appear was not the result of conscious indifference but was due to accident or mistake. The rule goes on to state that said motion to reinstate shall be verified by the movant or his attorney. A review of the record clearly reflects that the appellant's motion to reinstate was only signed by the appellant and her attorneys. It was not verified as the rule provides. The trial court was correct in refusing to reinstate the appellant's cause of action for this additional reason.

The judgment of the trial court is AFFIRMED.