BAKER v. REED et al.
No. 8879.

Court of Civil Appeals of Texas. San Antonio.

Oct. 12, 1932.

Rehearing Denied Nov. 16, 1932.

Greenwood & Lewis, of Harlingen, for appellant.

Adams & Glass and Polk Hornaday, all of Harlingen, for appellees.

FLY, C. J.

Appellees sued appellant and others, alleging a partnership in the real estate business, and alleging that certain commissions had been earned and collected by the firm and appropriated by appellant. Appellees sought to recover their part of all commissions and a dissolution of the partnership. George E. Critchfield intervened and sought to recover of the partnership. Intervener alleged that Baker and the partnership owed him $1,375, which he sought to recover. P. G. Greenwood also intervened.

The cause was submitted to a jury on special issues, and on the responses thereto judgment was rendered that Gertrude Mae Reed recover practically what she sued for, and certain sums were adjudged in favor of the two interveners.

Baker pleaded that the contract provided that Mrs. Reed was to receive only one-half of the proceeds of all business brought into the firm by her. That was the theory upon which was based the defense of the claim of appellees that there was a full partnership and sought recovery of one-half of all sums collected by the partnership.

■The court presented an issue as to whether a partnership existed between Baker and Mrs. Reed. There was no issue as to the partnership. Baker admitted a partnership, the only dispute being as to the terms and scope of the partnership. Mrs. Reed contended that she was to receive one-half of commissions and fees earned and collected by the partnership. Baker contended that she was to receive one-half only of the fees

and commissions brought to the partnership by Mrs. Reed. This was in fact the only issue in the case. The court did not present that issue to the jury and there was nothing in their verdict adverse to appellant's theory. There was a partnership from which Mrs. Reed was to receive one-half the profits, as found by the jury. The jury did not pass upon the extent or terms of the partnership, although appellant alleged and proved only a limited partnership. He requested a special issue presenting his only issue, but it was denied. He had the right to have his theory of the case, as alleged and proved by him, submitted to the jury. A failure and refusal to present the defense was error requiring a reversal.

The court may not have credited the defense advanced, still appellant was entitled to have it go before the jury. Fox v. Dallas Hotel Company, 111 Tex. 461, 240 S. W. 517.

■ It was admitted by the parties that the division of the profits was to be made after deducting the expenses of the partnership. The jury was not permitted to pass on this phase of the case, although appellant sought to have it submitted and sought to obtain a finding as to the expenses as a basis for the settlement. That was error.

■ Appellant sought to have a judgment rendered covering his theory of the case, although such theory was not passed upon by the jury. The court did not err in denying the motion for judgment.

■ There were two interveners in the case, each claiming a one-third interest in a certain commission of $900, deposited in court, and in a certain judgment obtained by appellant for commissions. The jury was asked if Critchfield, one of the interveners, was the procuring cause of a certain exchange of properties out of which appellant had obtained commissions. Each one of the interveners was declared in the judgment to be an owner of a one-third interest in the judgment and the deposit in court. Greenwood, one of the interveners so called, filed no pleadings in the case, was not a party to the suit, and yet he was adjudged $300 out of the $900 deposited in the court. Of course, there was no basis for such adjudication, although the $300 was admitted to be an attorney's fee.

The evidence is sufficient to show that Critchfield was the procuring cause of the exchange of the properties and there is testimony which sustains the finding. The judgment in his favor should be sustained. If he earned the commission it is a matter not affecting his interests as to the division of the balance of the commission between the parties.

The judgment as between the Reeds and F. B. Baker and as to P. G. Greenwood will be reversed and the cause remanded, but that part of it affecting Critchfield will be affirmed.

Reversed and remanded in part, and affirmed in part.