## R. E. ROBERTS V. MRS. MINNIE ROBERTS.

No. A-704. Decided February 20, 1946.
Rehearing overruled March 20, 1946.
(192 S. W., 2d Series, 774.)

*W. H. Reid,* of Dallas, for appellant.

*Irwin & Irwin,* of Dallas, for appellee.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

This cause is here on certified questions from the Court of Civil Appeals at Dallas, hence the parties will be designated as they were in that court.

R. E. Roberts, appellant, sued his wife, Minnie Roberts, appellee, for a divorce on the ground of cruel treatment and for partition of their community property. She answered, denying appellant's charges and alleging that it was necessary for her to employ attorneys to protect her legal rights. She alleged that she had employed the attorneys signing her answer; that on numerous occasions they had advised her as to the suit and

as to her legal rights; and "that by reason thereof, the plaintiff became liable to this defendant and to the attorneys signing this petition for reasonable attorney fees and expenses," to the amount of $2,500. Her prayer was: "* * defendant prays that plaintiff take nothing by his suit and that upon final hearing hereof that plaintiff's suit for divorce be in all things denied and that judgment be entered in behalf of the attorneys signing this answer for their fees and expenses. * *."

The jury found: (1) that appellant had not been an actual, bona fide inhabitant of this state for one year next preceding the filing of his suit, which, under the court's instructions, rendered it unnecessary to answer issues submitting his allegations of cruel treatment; and (2) that a reasonable sum for appellee's attorneys was $900.00.

In consequence of the first finding and on motion of appellee, the suit was dismissed. In his judgment of dismissal the trial court found that appellee acted in good faith and on probable grounds in contesting the suit, and awarded her $900.00 as attorneys' fees.

Appellee's attorneys conducted her defense at the trial, but were not parties to the suit. After the judgment was entered she signed it to them without appellant's joinder.

Stating that its members were unable to agree as to the validity of the attorneys' fee judgment, the court of civil appeals says in its certificate:

"In view of the disagreement among the members of this court, and the conflicts in decisions of the courts of appeal— Varn v. Varn, 125 S. W. 639; Hill v. Hill, 125 S. W. 91; Gonzales v. Gonzales (Com. App.) 300 S. W. 20; Martin v. Martin (Com. App.) 17 S. W. (2d) 789; Jones v. Jones, 128 Texas 309, 97 S. W. (2d) 949; Kelly v. Gross, 293 S. W. 325, 4 S. W. (2d) 296; Pappas v. Pappas, 146 S. W. (2d) 1115, et al, cited in the accompanying opinions—it is deemed advisable to certify the following questions:

"Question No. 1: Can a wife in a divorce suit recover against her husband a fee due and owing her attorneys for services rendered in the divorce suit where the suit was dismissed because her husband had not resided in this State for one year next preceding the filing of his petition?

"Question No. 2: When in a divorce suit a divorce is denied

or the suit dismissed, has the trial court the power to render judgment in favor of the wife against her husband for contractual fees due and owing her attorneys who rendered her services necessary for the preservation of her personal and property interests?

"Question No. 3: Can attorneys, who have rendered services to the wife necessary for the preservation of her personal and property rights, maintain against the husband in the divorce suit, either in their own name, or in the name of the wife for and in behalf of such attorneys, a cross action or counterclaim for reasonable attorneys' fees due and owing them for such services?

"Question No. 4: Under the pleadings and facts above related, was it error for the court below, after the suit was dismissed, to enter judgment in favor of the wife against her undivorced husband for $900.00 due and owing to her attorneys for services rendered the wife in the divorce action?"

It is unnecessary to answer the first three questions, as an answer to question No. 4 will dispose of this appeal. We have decided that the correct answer to that question is "No," and that our answer in no way conflicts with any decision cited in the certificate, supra.

No action for divorce was involved in either Gonzales v. Gonzales, 300 S. W., 20, or Martin v. Martin, 17 S. W. (2d) 789. In the former case the wife, deserted by her husband, sued him for $196.00, which she alleged she had spent for necessaries out of her separate funds. In the latter case the wife sought the appointment of a receiver to collect the salary of her husband, from whom she was permanently separated, and to pay her such part of it as might be necessary for the support of herself and their child. In each case the court pointed out that the remedies of the wife to compel support by her husband, independently of a divorce proceeding, are defined by the statutes; that, since a direct suit by her against him is not one of them, it cannot be maintained.

In Kelly et al v. Gross et al (Civ. App.), 293 S. W., 325, 4 S. W. (2d) 296 (er. ref.), plaintiffs sued both the husband and wife on a contract to represent the wife in a suit for divorce and adjudication of property rights brought by the husband, under the terms of which they were to receive for their services a half interest in what she might recover as her share of the property involved. They alleged that the defendants thereafter

became reconciled, resumed marital relations, and dismissed the suit, rendering it impossible for plaintiffs to perform their contract. They alleged, further, that had they been permitted to complete the contract they would have recovered for the wife property of the value of $13,804.50; that, therefore, they were entitled to recover from both defendants $6,902.25 as damages for breach of contract. In the alternative, they sought recovery of $3,000.00 as the values of services rendered the wife. The question on the last appeal was the correctness of the action of the trial court in sustaining a general demurrer to their petition. The court held that that action as to the suit for $6,902.25 on the alleged contract was correct; that, since public policy strongly favors reconcilliation of the parties, abandonment of divorce proceedings and resumption of the marriage relation, the parties to a divorce proceeding, represented by counsel whose fee is to be measured by final adjustment of property rights, owe no duty to pursue the litigation to final judgment for counsel's benefit; otherwise such contracts would be illegal as promotive of divorce. The case was then remanded for trial on plaintiffs' alternative plea for recovery upon quantum meruit.

Pappas v. Pappas (Civ. App.), 146 S. W. (2d) 1115, merely holds that a wife is not entitled to alimony while her divorce suit is continued on the trial court docket until she can show residence in the county of the forum for six months and in the state for twelve months, a plea in abatement to her petition on that ground having been sustained.

In Jones v. Jones, 128 Texas, 309, 97 S. W. (2d) 949, the wife sued for a divorce and partition of community property, alleging a contract with her attorney to pay him $750.00 as the reasonable value of his services and praying that she have judgment therefor against the defendant. Thereafter the parties became reconciled, appeared in person and by their attorneys and announced that fact to the court and that the wife would not further prosecute her suit. Thereupon, at the instance of the wife's attorney and with the husband's attorney participating without objection, the court heard evidence in respect to a fee to be allowed the former. At the conclusion of this hearing the court dismissed the suit and allowed the wife's attorney a recovery of $250.00 against the husband, upon a finding that the wife had filed her suit in good faith and on probable grounds. This court held that the attorney's fee judgment was error, because to permit a hearing and adjudication of attorney's fees *after the parties had become reconciled and resumed their marital relations* would be to inject the pecuniary interests of third parties

and to permit outsiders "to speculate upon the contingency of a disrupted marital union."

In Hill v. Hill (Civ. App.), 125 S. W., 91, with the wife as plaintiff, both parties were refused a divorce but the court awarded her judgment for $150.00 attorney's fees. The court of civil appeals held the award erroneous "because, and only because, a divorce as prayed for by them was refused, and they continued to be husband and wife, as they were before the suit was commenced."

In all these cases it seems clear that the judgment for attorney's fees was held erroneous because to allow it in a divorce suit under the facts shown would violate the public policy of encouraging a continuation of the marriage relation. Certainly after the parties have become reconciled, resumed marital relations and dismissed their suit, as in Jones v. Jones, supra, it would not promote harmony between them to continue the litigation to determine how much attorney's fees to award the wife. Nor would it contribute to newly-resumed amicable relations to permit an independent suit to find out how much her attorneys would have recovered for the wife had the husband not dismissed his suit, as in Kelly et al, v. Gross et al, supra. Obviously, public policy would not be served by permitting the wife to recover attorney's fees for instituting and prosecuting an unwarranted and unsuccessful divorce suit, as in Hill v. Hill, supra.

But in this case we have no reconciliation, no resumption of marital relations. We have no voluntary dismissal by the parties. What we do have is an involuntary dismissal after the jury had found that appellant was not qualified to bring his suit because he had not lived in Texas for one year as required by Art. 4631, R. S., 1925. Thus what appellee and her attorney accomplished was to thwart an effort by appellant to circumvent that statute, the purpose of which is "to protect, not only the defendant in divorce proceedings, but also the interests of society, against fly-by-night divorce suits." Charlton v. Charlton (Civ. App.), 141 S. W., 290; Aucutt v. Aucutt (Com. App.), 62 S. W., (2d) 77. What they did certainly was not "promotive of divorce." So, as the parties remained estranged after appellant's suit was dismissed by the court because of his disqualification to bring it, we can find no tenable ground for holding that the trial court erred in entering judgment in favor of the wife for $900.00 as attorneys' fees pursuant to the allegations and prayer in her answer and a jury finding that the services of her at-

torney were reasonably of that value. Therefore, we hold that the trial court was fully warranted in entering that judgment.

Our holding is in harmony with the decision in Varn v. Varn (Civ. App.), 125 S. W., 639. Varn sued his wife for divorce. She answered, denying his allegations and asking alimony and attorney's fees as well as cancellation of certain deeds which she alleged her husband had fraudulently executed conveying community property to third parties. After numerous motions, including two by Varn to dismiss the suit, had been overruled, the trial court granted Varn's third motion to dismiss, but in that connection he heard testimony on Mrs. Varn's prayer for attorney's fees and awarded her $500.00 in his judgment of dismissal. Without any showing that he and his wife had become reconciled and resumed marital relations in connection with the dismissal of his suit, Varn urged that the trial court erred "by awarding judgment in favor of Rita T. Varn, a married woman, against her husband, W. W. Varn." But the assignment was overruled, the court saying, "Appellee had been brought into court by a petition for divorce filed by her husband; she answered, setting up a claim against him for attorney's fees, which she alleged were necessary in the employment of an attorney to represent her before the court. The court heard testimony on the subject, and rendered judgment for the attorney's fees. There was no error in this action."

While the judgment in this case awards the attorneys' fees to appellee, we think, under the facts, that it was fully binding on her attorneys. As her attorneys, they signed her petition alleging that appellant was liable to appellee and to them for reasonable attorneys' fees and praying that judgment be entered in *their* behalf for such fees. They participated in the trial and suffered a judgment to be entered awarding the fees to appellees. Consequently, they were as much bound by it as if they had parties to the suit. Perkins v. Terrell (Civ. App.), 214 S. W., 551 (er. ref.) ; Olive-Sternenberg Lbr. Co. v. Gordon, 138 Texas, 459, 159 S. W. (2d) 845; Ex Parte Foster, 144 Texas 65, 188 S. W. (2d) 382.

It follows that we answer Question No. 4 in the negative.

Opinion rendered February 20, 1946.

Rehearing overruled March 20, 1946.