McALISTER v. McALISTER.

No. 4790.

Court of Civil Appeals of Texas. Beaumont.

Sept. 25, 1952.

Adams, Browne & Sample, Beaumont, for appellant.

Smith, Levy & Fisher, Beaumont, for appellee.

COE, Chief Justice.

This is a suit for a divorce in which appellant, as plaintiff in the trial court, sought a divorce from the appellee on the ground of unkind treatment which rendered their further living together as husband and wife insupportable, further alleging that he and appellee owned certain community property, and prayed for judgment for a partition of same. Appellee filed an answer and cross-action in which she sought a divorce from appellant on the grounds of unkind, cruel and tyrannical treatment. She further alleged that certain of the property claimed to be community property by appellant was, in fact, her separate property, and prayed for judgment in accordance with such allegations. In addition to the foregoing, she alleged "that it was necessary for her to employ counsel to defend this action; that at said time she employed Melvin Combs, an attorney of Beaumont, Texas, and later, after said attorney had rendered certain services to plaintiff, she felt it necessary, in the protection of her rights, to agree to pay said Melvin Combs for his services rendered her and she thereupon, with his consent, employed the firm of Smith, Levy & Fisher, attorneys of Beaumont, who have since represented her in this matter, and are presently representing her in this matter, and for such services rendered and to be rendered in this cause, she has agreed to pay them a reasonable fee from her separate and community estate and that any additional fee allowable to them shall be paid as this court may direct in line with such sum as is reasonable for such services in Jefferson County, Texas;" and among other things, prayed for attorneys' fees.

The case was tried before a jury and in accordance with the special issues submitted to them, they found in favor of the appellant, on his alleged grounds for divorce and against the appellee on the grounds alleged by her in her cross-action for a divorce and against appellee on her allegations that any part of the property was her separate property and that she was only entitled to one-half of the community property. They further found that it was not necessary for appellee to employ an attorney or attorneys for the protection of her rights for divorce or property rights, and failed to answer the Special Issue inquiring as to what would be a reasonable attorney's fee for appellee's counsel for the protection of her rights for divorce and property rights, if any.

Thereafter the court entered a judgment on the verdict, granting appellant a divorce and further finding that the parties owned nothing except community property and ordered that appellee's cross-action for divorce should be in all things denied, ordered the costs borne by the parties equally and appointed a commissioner to take charge of the property and divide same between the parties. The judgment further recites: "It further appearing to the court that the jury's findings as to Special Issue No. 10 (Special Issue No. 10 inquired whether it was necessary for appellee to employ an attorney, which was answered "No") is advisory and should not be followed by the court, and it further appearing to the court that defendant Hua D. McAlister had the right to defend and preserve her marital rights when suit for divorce was filed against her and that she was fully authorized and it was necessary to her defense that she employ legal counsel for the purpose of defending said case, and the court further finding that said defense by her was in good faith, and that in so doing there was incurred, as an obligation of the community property, an obligation for attorneys' fees, it is, therefore, Ordered, Adjudged and Decreed that the plaintiff, R. R. McAlister, shall, out of his community property, pay to the law firm of Smith, Levy & Fisher, the attorneys employed by and representing the defendant, Hua D. McAlister, the sum of Five Hundred ($500.00) Dollars cash, which sum shall be paid out of the property of R. R. McAlister, to the said law firm by the commissioner hereinafter named and appointed."

The latter portion of this judgment awarding to the law firm of Smith, Levy & Fisher the sum of $500 as attorneys' fees to be paid out of the property belonging to appellant forms the basis of his main contention on this appeal.

First, he contends that that portion of the judgment is a nullity for the reason that

such attorneys were not parties to the lawsuit. He further contends that the court erred in awarding attorneys' fees where the jury expressly found that it was not necessary for appellee to employ an attorney or attorneys for the protection of her rights for divorce and property rights and further, because the jury had failed to find what would be a reasonable fee for appellee's attorney; and for the further reason that the jury found against appellee on her grounds for divorce, which findings were approved by the court; and further because the court was not authorized to award appellee attorney's fees in addition to a reasonable fee which appellee paid or agreed to pay from her separate and community estate; that the judgment of the court amounts to awarding double attorneys' fees and several other points attacking that portion of the court's judgment, including a point that the trial court erred in setting aside the jury's verdict on attorneys' fees where no motion was filed to set aside the jury's findings. In all there are 18 points in appellant's brief challenging the correctness of this portion of the court's judgment. Being very similar, we will not undertake to set out each one.

 Appellee has filed no brief. We have been unable to find any direct authority on the power of the trial court to award attorney's fees directly to one set of attorneys in a divorce suit where they are not parties to such suit. It seems to be the rule that the basis for recovering attorneys' fees in a divorce suit is permitted on the theory that the fees incurred by the wife are for necessaries. It seems to be well settled that the wife in a proper case can recover attorneys' fees in a divorce proceeding. However, the greater weight of authority from other states is to the effect that the attorney himself must recover in a separate suit for necessaries furnished the wife. See Tex.Jur. 15, at p. 650, et seq.; 118 A.L.R. p. 1138, including Keck v. Keck, 219 Cal. 316, 26 P.2d 300.

We have concluded that that portion of the judgment awarding to the law firm of Smith, Levy & Fisher the sum of $500 is a nullity and of no force and effect, and for that reason that portion of the judgment awarding attorneys' fees is reversed and rendered. Having reached this conclusion it becomes unnecessary to discuss the other points attacking this portion of the judgment. Appellant's last two points attack the judgment of the court on the ground that it divided the cost between the parties, although the jury found against appellee on all issues of the case and that the court erred in appointing a commissioner to divide the property. We see no merit in these two points and they are overruled.

No attack is made on the judgment awarding appellant a divorce or in partitioning the property between the parties; therefore all those parts of the trial court's judgment is affirmed, except that portion which awarded Smith, Levy & Fisher attorneys' fees in the sum of $500, which is reversed and rendered.