**J. C. AKIN, Appellant,**

v.

**Bula S. AKIN, Appellee.**

No. 10290.

Court of Civil Appeals of Texas.

Austin.

Feb. 16, 1955.

Rehearing Denied March 9, 1955.

Tisinger & Sloan, Austin, for appellant.

Coleman Gay, Henry H. Brooks, Austin, for appellee.

HUGHES, Justice.

This is a divorce suit in which the only remaining unsettled issues relate to the allowance of $2,000 in attorneys' fees against appellant, J. C. Akin, to Messrs. Coleman Gay and Henry Brooks, attorneys, who represented Bula S. Akin, the wife, in the divorce proceeding prior to the rendition of the judgment from which this appeal was taken.

This suit was initiated by appellant August 27, 1953, in which he sought a divorce, an accounting, a partition of the community estate and a temporary injunction.

Mrs. Akin answered on March 15, 1954, in which answer she denied the alleged grounds for divorce but in the event a divorce be granted she set up numerous matters relating to the community and her separate estate. Regarding attorneys' fees she pleaded:

"By reason of the filing of this suit, it has been necessary for this defendant to employ attorneys to represent her herein, and to advise with her and protect her rights and interests. Shortly after the suit was filed, she did employ Mr. Coleman Gay, a member of the Travis County Bar, for this purpose, and Mr. Gay did represent this defendant and advised with her from time to time until on or about Feb. 22, 1954, when Mr. Gay voluntarily withdrew from this litigation and the undersigned, [Henry Brooks] at the request of both Mr. Gay and the defendant, agreed to represent the defendant in this case. By reason of the foregoing facts, both Mr. Gay and the under-

signed are entitled to recover from the plaintiff reasonable attorney's fees for services rendered, and to be rendered, in representing the defendant in this suit.

"* * * that she do have and recover of the plaintiff reasonable attorney's fees to be fixed by the court for the attorneys who have been, and are, representing her in this litigation."

On March 22, 1954, Mrs. Akin filed a cross action for divorce in which she prayed, in part:

"That she do have and recover of J. C. Akin all sums of money actually and necessarily expended by her in the defense of this suit, including, but not being limited to, a reasonable sum to cover her attorneys' fees."

On March 16, 1954, C. L. Dobbins intervened and asked judgment against both parties on a promissory note executed by Mr. Akin on which there was alleged to be due $1,439.39.

The case was tried to a jury in March, 1954, the trial consuming some six or seven days during the course of which the parties entered into this stipulation which was reduced to writing July 13, 1954:

"During the trial of the above captioned case, it was agreed in open court by all parties, acting through their attorneys, that the following matters should be withdrawn from the jury and decided by the court, viz.:

"1. All issues concerning whether a divorce should be granted and, if so, to whom.

"2. All issues concerning liability for attorneys' fees and the amount of attorneys' fees.

"The court accordingly determined the above issues pursuant to said agreement and without the aid of the jury.

"Executed this 13th day of July, 1954."

The controverted issues relating to property matters were submitted to the jury one of which it was unable to answer.

Both parties moved for judgment Mrs. Akin's motion containing an alternative plea that certain property issues be severed and the court render judgment in accordance with the stipulation quoted above.

The court rendered judgment on May 6, 1954, by which a divorce was awarded Mrs. Akin, certain property was disposed of, intervener Dobbins recovered $1,583.32 on his note and which judgment provided:

"That the defendant's attorneys, Coleman Gay and Henry H. Brooks, do have and recover of and from the plaintiff, J. C. Akin, the sum of $2,000.00 as attorneys' fees, for which let execution issue."

All other issues in the case were severed and separately docketed.

The appeal bond in this case, filed by appellant, recites that the judgment from which he desired to appeal was one in which "* * * Bula M. Skinner [Akin] recovered a judgment against the said Jess C. Akin for the sum of $2,000.00, with no interest thereon. * * *"

There is no statement of facts in the record.

Appellant has fifteen points the last three of which assert the excessiveness of the attorneys' fee award. We are in poor position to appraise this point in the absence of a statement of facts.

■ The pleadings show that there are four separate pieces of real estate involved, at least three of which are improved, and that conflicting claims are made regarding them. Also mentioned are household furniture, two cars, paintings, sketches and appellant alleged that Mrs. Akin "has caused large sums of money, the same being community property, to be placed in a personal bank account in defendant's [her] name, and has refused to permit plaintiff to have any access to such funds."

· Our opinion, based on the partial record before us, is that the fee is not shown to be excessive.

■■ Appellant has four points [9–12] which question the authority of the trial court to sever, as he did, the divorce issue from the property issues and to allow attorneys' fees, as he did, under such circumstances.

The severance question, considered alone, is no longer issuable for the reason that an agreed judgment was entered in the court below in the severed cause on the 12th of November, 1954, "settling all matters in controversy" between the parties to such cause. Since it is obvious that we could grant no effective relief if the order of severance was improper we should not and do not further consider the matter as courts do not sit in judgment over the inert remains of a controversial subject.

Insofar as these points complain of the allowance of attorneys' fees in the judgment decreeing a divorce we believe that appellant is concluded by his agreement upon which the court acted. This agreement was that the court alone should decide this matter as well as the right of divorce. It may have been contemplated by the parties that but one judgment was to be entered but it was not so stipulated and it is doubtful that the court would have approved a stipulation which infringed upon his judicial prerogatives. Furthermore we are unable to trace any harm to appellant resulting from the court's action. If, as appellant contends, the fixing of fees to attorneys in a divorce action is part and parcel of the division of the estate of the parties under art. 4638, V.A.C.S., then it would seem that the parties could settle by compromise, as here, their property disputes with more ease by knowing, beforehand, the amount the fees would be rather than by speculating upon the result of the court's discretion.

■ Appellant's remaining points [1–8] are to the effect that the judgment as to attorneys' fees is void for the reason that the attorneys awarded the judgment are not parties to the suit and that even if they were the pleadings are insufficient to support a recovery.

We are of the opinion that Messrs. Gay and Brooks were parties to this suit both literally and legally.

They were named in the pleadings, their employment alleged and a recovery specifically prayed for in their behalf. What additional allegations are necessary to make them formal parties, we are not advised. But whether formal parties or not we are of the opinion that these attorneys are actual parties under the rule that:

"The courts look beyond the nominal parties, and treat all those whose interests are involved in the litigation and who conduct and control the action or defense as real parties, and hold them concluded by any judgment which may be rendered, as for example those who employ counsel in the case, assume the active management of the proceeding or defense, or who pay the costs and do such other things as are generally done by parties. In other words, by participating in the proceedings one is estopped by the judgment as to any questions actually litigated and decided therein."

15 R.C.L., Secs. 481, 483, cited with approval in American Indemnity Co. v. Fellbaum, 114 Tex. 127, 263 S.W. 908, 37 A. L.R. 633. This rule applies to attorneys in a case in regard to their fees. Roberts v. Roberts, 144 Tex. 603, 192 S.W.2d 774, 777, where it is held:

"While the judgment in this case awards the attorneys' fees to appellee, we think, under the facts, that it was fully binding on her attorneys. As her attorneys, they signed her petition alleging that appellant was liable to appellee and to them for reasonable attorneys' fees and praying that judgment be entered in their behalf for such fees. They participated in the trial and suffered a judgment to be entered awarding the fees to appellees. Consequently, they were as much bound

by it as if they had been parties to the suit."

We also direct attention to the opinion of Chief Justice Alexander in Postal Mutual Indemnity Co. v. Ellis, 140 Tex. 570, 169 S.W.2d 482, holding that an attorney in a workman's compensation case whose fee, under the statute, is to be fixed by the trial judge is a "party" to such suit within art. 15, V.A.C.S. and art. V, § 11 of our Constitution, Vernon's Ann.St., disqualifying judges related within certain degrees to any "party" in the case. This decision would be applicable here since the fee was to be fixed by the trial judge.

Appellant cites three cases as being directly in point in holding that attorney's fees cannot be awarded directly to the attorneys where such attorneys " * * * were not parties to the suit. * * *" Patton v. Collier, 90 Tex. 115, 37 S.W. 413, 414; Baker v. Reed, Tex.Civ.App. San Antonio, 54 S.W.2d 214 and McAlister v. McAlister, Tex.Civ.App. Beaumont, 253 S.W.2d 483.

In Patton the attorneys' fees involved were those contained in an attorneys' ten per cent fee clause in a promissory note and the court said "So much of the original judgment as sought to give them [attorneys] a judgment for the attorneys' fees, was a nullity," the court intimating that the attorneys were " ' * * * in no manner a party to the action * * *.' " The above statement of the court was dictum for the original judgment had been corrected by omitting the recovery by the attorneys. It is also to be noted that the fees there sued for were not to be determined by the court in its discretion but were recoverable as a matter of contract.

In Baker certain real estate commissions were involved and $900 was deposited in court. Greenwood intervened but filed no pleadings yet he was awarded one-third of such deposit admitted to be attorneys' fees. The court, we think, correctly held there was no basis for such adjudication.

In McAlister the jury found against the wife in her suit for divorce and found there was no necessity for her to employ attorneys to represent her yet the trial court awarded her attorneys a fee to be paid by the husband. The appellate court held this recovery a nullity apparently for the reason that the attorneys were not parties to the suit. We agree with the result reached but respectfully disagree with the holding that the attorneys were not "parties."

We have indicated above the nature and extent of the pleadings and they are, in our opinion, sufficient to invoke the power of the court to allow compensation to the attorneys for Mrs. Akin. Art. 4638, supra, Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002. We need not here speculate upon the right of a wife to recover attorneys' fees in a divorce suit not involving any property.

The judgment is affirmed.

Affirmed.