**Lonnie C. La Don RAMPY, Appellant,**

v.

**Charlotte Stewart RAMPY, Appellee.**

No. 132.

Court of Civil Appeals of Texas.

Houston.

Sept. 11, 1968.

Rehearing Denied Oct. 9, 1968.

Thos. A. Adams, III, Don E. McClure, Robert S. Rowland, Knight, Prappas, Rowland, Caldwell, Houston, for appellant.

Charles C. Orsburn, Clyde W. Woody, Marian S. Rosen, Woody & Rosen, Houston, for appellee.

SAM D. JOHNSON, Justice.

This suit was brought by appellee, Charlotte Stewart Rampy, against the appellant, Lonnie C. LaDon Rampy, for divorce and a partition of the community property acquired during marriage. Appellant brought a cross-action for divorce. The trial court entered a judgment granting the divorce to appellee and ordered a partition of the community property. In the same final judgment the trial court gave judgment to appellee's attorneys in the amount of $10,000.00. Appeal is perfected to this court.

■ Appellant contends that the judgment is not supported by the pleadings and that the trial court erred in giving judgment to appellee's attorneys in that they were not parties to the suit. The court's final judgment recited, "It is further ordered, adjudged and decreed that the Defendant shall pay forthwith to (appellee's attorneys, naming them), as attorneys' fees on behalf of the Plaintiff, Charlotte Stewart Rampy, the sum of Ten-thousand ($10,000.00) Dollars, said payment to be paid by the defendant from either his separate property or from the property that has been awarded the Defendant as his separate property in the estate herein, for which execution may issue."

Appellee pled in the customary manner naming her attorneys. She pled that it was necessary to employ them, that she had agreed to pay them a reasonable fee, that a reasonable fee was $10,000.00, that she had no means of paying said fee and that the defendant should be ordered to pay such fee. Her prayer asked for recovery of the attorneys' fees that she had set forth.

It is the contention of the appellant that the judgment is void, citing McAlister v. McAlister, 253 S.W.2d 483 (Tex.Civ.App. 1952). We are of the opinion, however, that this issue has been resolved against appellant.

In Akin v. Akin, 276 S.W.2d 323 (Tex. Civ.App.1955), writ dismd., the court stated, "They (the attorneys there involved) were named in the pleadings, their employment alleged and a recovery specifically prayed for in their behalf. What additional allegations are necessary to make them formal parties, we are not advised. But whether formal parties or not we are of the opinion that these attorneys are actual parties under the rule that: 'The courts look beyond the nominal parties, and treat all those whose interests are involved in the litigation and who conduct and control the action or defense as real parties, and hold them concluded by any judgment which may be rendered, as for example those who employ counsel in the case, assume the active management of the proceeding or defense, or who pay the costs and do such things as are generally done by parties. In other words, by participating in the proceedings one is estopped by the judgment as to any questions actually litigated and decided therein'. * * * *This rule applies to attorneys in a case in regard to their fees."* (Emphasis added.) The court then cites as its authority Roberts v. Roberts, 144 Tex. 603, 192 S.W.2d 774, 777, and quotes from that opinion. See also 20 T.J.2d, Divorce and Separation, Sec. 300, " * * * the court may make the allowance of fees to the attorneys in the suit for divorce, if they are parties to the suit."

In Goldberg v. Goldberg, 392 S.W.2d 168 (Tex.Civ.App.1965), an award of attorney's fees was made directly to the law firm representing the plaintiff. The prayer in plaintiff's petition omitted any reference to an attorney's fee and contained only a prayer for general relief. Even so it was held that the judgment directing the defendant to pay fees directly to the plaintiff's attorneys did not give rise to any error of which the defendant could complain. The court stated that the only complaint that might be heard would be that of the plaintiff who employed the attorney receiving the award and that no such complaint

was made. See also Pride v. Pride, Tex. Civ.App., 318 S.W.2d 715, no writ hist., and Schwartz v. Jacob, Tex.Civ.App., 394 S. W.2d 15, writ ref., n. r. e. Appellant's first two points of error are overruled.

■ Appellant alternatively contends that the amount of attorneys' fees awarded is excessive and constitutes a gross abuse of discretion by the trial court. The lengthy proceedings in the trial court are reflected in the record. There are 555 pages of testimony from numerous witnesses. The transcript with its supplements contains 257 pages. Some two weeks after the trial began the trial court requested that an accountant review additional books and records. The court required the parties to file certain stipulations and agreements with respect to the testimony of various witnesses and stipulations and agreements as to numerous facts, including the question of time expended, services performed and reasonable attorneys' fees for the attorneys here involved. The trial began on April 10, 1967, and the decree granting divorce to the appellee was not entered until over seven months later. The court made numerous findings as to separate and community property of the parties and ordered a division of the community property.

There was a motion for new trial, an amended motion for new trial, notice of appeal and a motion to modify judgment. There was a motion to enter findings of fact and conclusions of law which was granted. The inventory before the court contained references to numerous items, including shares of stock in a golf course, shares of stock in various life insurance companies, shares of stock in a foreign corporation, shares of stock in banks, an interest in a gas company, interest in oil and gas leases, various life insurance policies, automobiles, boat, furniture, household effects, cash and notes to various banks, cash in savings and checking accounts in a number of banking institutions. The inventory filed by appellant reflected

separate property in the sum of $46,250.00, community property in the amount of $34,707.00, and liabilities in the sum of $194,214.00. Substantial investigation of this inventory was required. We may infer that there were numerous consultations. There were a number of hearings and lengthy depositions were necessary. There were oral arguments prior to the entry of judgment.

This case was difficult and involved substantial property rights, the award to the plaintiff being in the approximate sum of $24,000.00. It was uncontradicted that appellee's attorneys spent a total of 375 hours in connection with this case. Finally, there is uncontroverted evidence in the record that the reasonable value of attorneys' fees was in the sum of $10,000.00. No effort was made to impeach this testimony, the only testimony, as to the value of the fees in question.

■ It requires no citation of authority that the allowance of attorney's fees, and the amount thereof, are within the sound discretion of the trial court. The fee, considering all the factors involved, is within the limits of reason. We hold that the trial court did not abuse its discretion in fixing such fee. Muran v. Muran, 210 S. W.2d 617 (Tex.Civ.App.), no writ; Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002; 20 Tex.Jur.2d, p. 621 et seq., Sec. 298.

■ Appellant's final point is that the trial court erred in not admitting in evidence an alleged written contract between the appellee and her attorneys. It does not appear that it was ever offered until the court permitted testimony on appellant's motion for new trial, well after the court's judgment had been entered.

This point of error is overruled, as is appellee's cross point requesting an additional ten percent of the damages.

We find no error and the judgment of the trial court is affirmed.