Frank D. MASTERS, Appellant,

v.

Neal O. STAIR, Jr., Appellee.

No. 15256.

Court of Civil Appeals of Texas,
San Antonio.

Jan. 30, 1974.

Masters & McManus, San Antonio, for
appellant.

John F. Tafolla, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant, a duly licensed attorney, brought this suit against appellee, as trustee of Mabel C. Brown, to recover the balance allegedly owed appellant for services rendered in representing Mrs. Brown in a divorce action brought by her husband. A take-nothing judgment was entered pursuant to appellee's plea that the final judgment in the divorce action bars this claim by res judicata.

Findings of fact and conclusions of law were filed in this case, wherein it was found: (1) that Mabel C. Brown employed appellant to represent her in the divorce action filed by her husband in the 25th Judicial District Court of Guadalupe County, and promised to pay him a reasonable fee for such representation; (2) that $4,800 is a reasonable fee for the services rendered her by appellant; (3) that the judge of the 25th Judicial District Court, after hearing the evidence, granted appellant a judgment against the husband in the sum of $2,500 as a reasonable attorney's fee for the husband to pay Mabel C. Brown's attorney; and (4) that appellee and Mrs. Brown promised appellant to pay him the remaining sum of $2,300 on said fee after appellee opened a bank account as trustee. The trial court concluded that the divorce judgment bars appellant from recovering any additional fee from Mrs. Brown/appellee.

Appellant asserts two assignments of error on this appeal. He urges that the defense of res judicata was not established here, in that the terms of the divorce judgment were not shown. He also urges that res judicata is applicable only to the husband, and that Mrs. Brown and appellee are liable for the amount of reasonable attorney's fees as found by the trial court in this case, less the sum paid by the husband pursuant to the divorce judgment.

Although there is no special statute permitting the wife to recover from her husband her attorney's fees in a divorce action, the court has the power on the final disposition of the case to award attorney's fees to the wife. Wallace v. Briggs, 162 Tex. 485, 348 S.W.2d 523 (1961); Roberts v. Roberts, 144 Tex. 603, 192 S.W.2d 774 (1946); 20 Tex.Jur.2d, Divorce and Separation, Section 298.

The allowance of attorney's fees to the wife, as well as the amount thereof, are within the sound discretion of the trial court. Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002 (1951); Rampy v. Rampy, 432 S.W.2d 175 (Tex.Civ.App.—Houston 1968, no writ); Roberson v. Roberson, 420 S.W.2d 495 (Tex.Civ.App.—Houston [14th Dist.] 1967, writ ref'd n. r. e.). The proper procedure is to make the allowance of attorney's fees in the name of the wife. However, the husband cannot complain if the award is made directly to the attorney representing the wife, irrespective of whether or not the attorney was named as a party in the suit. Rampy v. Rampy, supra; Goldberg v. Goldberg, 392 S.W.2d 168 (Tex.Civ.App.—Fort Worth 1965, no writ). The attorney is bound by such judgment whether paid directly to him or to the wife. Roberts v. Roberts, supra; Mullinax, Wells, Mauzy & Collins v. Dawson, 478 S.W.2d 121 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.); Akin v. Akin, 276 S.W.2d 323 (Tex.Civ.App.—Austin 1955, writ dism'd).

It is seen that in some cases the trial court found as part of the divorce judgment the total amount of attorney's fees that the wife's attorney was entitled to receive for his services in representing her. See Berdoll v. Berdoll, 398 S.W.2d 397 (Tex.Civ.App.—Austin 1966, no writ); Akin v. Akin, supra. It would be better practice in a contested case not to follow this procedure, so as to avoid a possible conflict between the wife and her attorney on the issue of what is a reasonable attorney's fee for his services to her. Never-

theless, all parties who consented to the trial of the issue in this manner would be bound by the finding of the court.

 We are unable to apply these well-settled rules to the record before us, in that the terms of the divorce judgment are not in the record. We, thus, cannot determine if the judge of the 25th Judicial District Court found that the reasonable value of appellant's legal services to Mrs. Brown was $2,500 and ordered the husband to pay said entire sum. In this event, such judgment, which has now become final, would be res judicata and a bar to appellant's claim here. On the other hand, if said judge determined only the part of Mrs. Brown's attorney's fees that should be paid by the husband, appellant would be entitled to recover from appellee in this suit the difference between the amount paid by the husband pursuant to the divorce judgment, and the amount found herein as a reasonable attorney's fee for the services rendered to Mrs. Brown.

The judgment of the trial court is reversed and the cause remanded for a new trial.