Frank D. MASTERS, Appellant,

v.

Neal O. STAIR, Jr., Appellee.

No. 15368.

Court of Civil Appeals of Texas, San Antonio.

Jan. 15, 1975.

Masters & McManus, San Antonio, for appellant.

John F. Taffolla, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant, a duly licensed attorney, has perfected his appeal from a take-nothing judgment entered after a non-jury trial in his suit to recover from appellee, as trustee of Mabel C. Brown, the balance allegedly owed appellant for services rendered in representing Mrs. Brown in a divorce action brought by her husband. On a prior appeal, we reversed and remanded a take-nothing judgment. See 505 S.W.2d 702.

The trial court made the same findings of fact and conclusions of law as made in support of the first judgment. See prior opinion, page 703. Thus, the court found that Mrs. Brown employed appellant to represent her in the divorce case and

agreed to pay him a reasonable fee which is $4,800.00. The sum of $2,500.00 was paid appellant by Shirley Wood Brown (husband) pursuant to the divorce decree, but no other payment has been made. The court concluded that the divorce judgment bars appellant from recovering the balance from appellee under the rule of res judicata.

Under the rule of res judicata, an existing final judgment rendered upon the merits by a court of competent jurisdiction upon a matter within its jurisdiction is conclusive of the rights of the parties in all other actions on the points at issue and adjudicated in the first suit. Abbott Laboratories v. Gravis, 470 S.W.2d 639 (Tex.1971). In order for a judgment in one suit to bar the bringing of a subsequent suit, there must be: identity in the thing sued for; identity of the cause of action; identity of persons and parties to the action; and identity of quality in the persons or parties. Lozano v. Patrician Movement, 483 S.W.2d 369 (Tex.Civ.App.—San Antonio 1972, writ ref'd n. r. e.); Owsley v. Mixon, 382 S.W.2d 354 (Tex. Civ.App.—Dallas 1964, writ ref'd n. r. e.); 34 Tex.Jur.2d, Judgments, Section 492 (1962).

Here there is not the identity of parties or identity of causes of action required for operation of the rule of res judicata. There were no pleadings filed by appellant in the divorce action seeking recovery of attorney's fees from Mrs. Brown. Rather the pleadings which were filed on behalf of Mrs. Brown, sought recovery from her husband for all attorney's fees incurred in her behalf. It is well settled that the allowance of attorney's fees to the wife in a divorce action, as well as the amount thereof, are within the sound discretion of the trial court. Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002 (1951); Rampy v. Rampy, 432 S.W.2d 175 (Tex.Civ.App.—Houston 1968, no writ); Elliott v. Elliott, 422 S.W.2d 757 (Tex. Civ.App.—Fort Worth 1967, writ dism'd);

Sailes v. Sailes, 394 S.W.2d 248 (Tex.Civ. App.—Beaumont 1965, no writ); Speer, Marital Rights in Texas, Section 886 (4th ed. 1961).

Appellee urges that since appellant testified as to the reasonable value of the services rendered to Mrs. Brown, appellant is bound by the amount entered in the divorce judgment. It is seen that there is no finding in the judgment that the reasonable value of appellant's services to Mrs. Brown was $2,500.00; rather the judgment determined the amount of attorney's fees that the husband should be required to pay.[1] The amount to be paid by the husband was determined by the trial court based upon many matters such as the division of the estate and the relative income of the parties. This is clearly demonstrated by the letter of the trial judge wherein he announced his ruling. It was necessary that appellant testify as to the reasonable value of the services performed by him in that the trial court's judgment against the husband could not exceed this sum. On the other hand, the court, in its discretion, could award any part of same against the husband.

Appellant is bound by such judgment insofar as a subsequent claim against the husband is concerned. Roberts v. Roberts, 144 Tex. 603, 192 S.W.2d 774 (1946); Mullinax, Wells, Mauzy & Collins v. Dawson, 478 S.W.2d 121 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.); Akin v. Akin, 276 S.W.2d 323 (Tex.Civ.App.—Austin 1955, writ dism'd). This rule has no application to the wife where there were no pleadings by the attorney seeking relief from her in the original action nor was a judgment made against her on behalf of the attorney.

It should be emphasized that, as was stated in our prior opinion, appellant was representing Mrs. Brown in the divorce action and was not in an ethical position to assert a claim against her in that case for his attorney's fees.

The judgment of the trial court is reversed and here rendered that appellant recover the sum of $2,300.00 for the balance owed on his attorney's fee.

---

[1] The only mention of attorney's fees in this judgment is in the following paragraph:

"It is further ORDERED, ADJUDGED AND DECREED that Petitioner, Shirley Wood Brown, pay the sum of Two Thousand Five Hundred and No/100 ($2,500.00) Dollars to Masters and McManus, attorneys at law, as attorneys' fees for Respondent, Mable Clair Brown, for services rendered herein."