**DAIMLERCHRYSLER
CORPORATION,
Appellant,**

v.

**Dwight A. BRANNON, Appellee.**

**No. 06-00-00146-CV.**

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 8, 2001.

Decided Dec. 4, 2001.

Opinion on Overruling of
Partial Rehearing Jan. 23, 2002.

Marie A. McCormick, Judith L. Pace, David C. Duggins, Clark, Thomas & Winters, PC, Austin, for appellant.

Dwight Brannon, Gilmer, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

BEN Z. GRANT, Justice.

DaimlerChrysler appeals the trial court's award of $35,000 in ad litem fees in conjunction with an order approving the settlement of multiple parties involved in a products liability suit arising out of a multi-car accident. DaimlerChrysler contends that the court abused its discretion by awarding the ad litem fees in the absence of either factually or legally sufficient supporting evidence or an agreement of the parties.

After the parties in the underlying suit reached a settlement, they filed an agreed motion requesting the appointment of an ad litem to review the agreement and to determine whether it would be in the best interests of the two plaintiffs who were minors at the time. The court appointed Dwight Brannon as guardian ad litem on July 18, 2000. Brannon reported to the court that he believed the settlement would be in the best interests of the mi-

nors. At an evidentiary hearing on August 8, 2000, the court approved the terms of the parties' settlement agreement and filled in the blank that had been left for the ad litem fees, ordering that the attorney ad litem[1] be awarded $35,000, of which DaimlerChrysler was to pay $34,766. DaimlerChrysler objected that there was no evidence to support the award and that it was excessive in light of the brief time spent by the ad litem on the case. The court had marked Brannon's reports as exhibits prior to announcing the award, but they were not entered into evidence. Brannon responded to the objection by providing information about the number of hours he had worked on the case. The trial court justified the award, stating that it was taking into consideration the lengthy statute of limitations on any claim that might be brought against Brannon due to his work on the case. The court signed the Agreed Final Judgment.

■■■■ Tex.R. Civ. P. 11 requires that an agreement be in writing and filed in court or that the terms of the agreement be announced in open court and entered of record for the agreement to be a valid basis for a consent judgment. *Kelley v. Pirtle,* 826 S.W.2d 653 (Tex.App.—Texarkana 1992, writ denied). "[T]here should be left nothing for adjustment between the parties relating to the subjectmatter [sic] of the agreement. Until all the terms of a final judgment have been definitely agreed upon by all parties ... the court [is] without power to render a judgment by agreement." *Matthews v. Looney,* 132 Tex. 313, 123 S.W.2d 871, 873 (1939). The issue of whether a Rule 11 settlement agreement fails for lack of an essential term is a question of law. *Ronin v. Lerner,* 7 S.W.3d 883, 888 (Tex.App.—Houston [1st Dist.] 1999, no pet.). Consent must exist at the time the court undertakes to make the agreement the judgment of the court. *Quintero v. Jim Walter Homes, Inc.,* 654 S.W.2d 442 (Tex.1983). A party has the right to revoke consent to an agreement to settle the issue in dispute at any time before the rendition of judgment, but not after rendition. *Arriaga v. Cavazos,* 880 S.W.2d 830 (Tex.App.—San Antonio 1994, no writ). It is improper for a trial court to enter a consent judgment, and it will be set aside if the trial court has knowledge that a party does not consent or has information that is reasonably calculated to prompt a court to make further inquiry into the party's consent. *Quintero,* 654 S.W.2d 442. The court rendering an agreed judgment must do so "in strict or literal compliance with that agreement." *Vickrey v. Am. Youth Camps, Inc.,* 532 S.W.2d 292 (Tex.1976).

DaimlerChrysler argues that the terms of the judgment did not strictly comply with the terms in the agreement, the court had no power to grant an agreed judgment because not all essential terms were covered by the agreement, the blank left for the ad litem fee in the agreed judgment was enough to prompt an inquiry regarding consent, and the objection regarding the amount awarded as the ad litem fee explicitly demonstrated a lack of consent.

■■■■ Tex.R. Civ. P. 173, regarding guardians ad litem, says

> When a minor ... is a party to a suit ... and is represented by a next friend or a guardian who appears to the court to have an interest adverse to such minor ... the court shall appoint a guardian ad litem for such person and shall allow him a reasonable fee for his services to be taxed as a part of the costs.

---

1. At the hearing, the court clarified that Dwight A. Brannon had acted as both guardian and attorney ad litem, at Brannon's request.

As such, ad litem fees are distinct from the subject matter of the underlying agreement and are not wholly subject to adjustment by the parties. The court has the ultimate responsibility to award a reasonable fee; thus, even with respect to an agreement on which the parties request a consent judgment be rendered, the court shall include a reasonable ad litem fee award where the parties have neglected or failed to do so, or amend an award where the amount agreed to by the parties is unreasonable. The parties retain the right to object to and appeal the amount awarded or rescind their consent to the agreement when the court announces the amount to be awarded before judgment is entered.

DaimlerChrysler did not object to the award of ad litem fees, only to the amount of ad litem fees awarded. The intentions of the parties would be defeated to construe the agreement to exclude an award of reasonable ad litem fees. The agreement addressed the ad litem fees, determined who would be paying the fee, and in what proportions. Only the amount of the fee, for which the court has ultimate responsibility, was left blank. Thus, the blank provided did not reasonably prompt further inquiry by the court as to DaimlerChrysler's consent to the agreement.

DaimlerChrysler argues that the objection regarding the amount awarded as the ad litem fee explicitly demonstrated a lack of consent. Although the objection demonstrated that DaimlerChrysler disagreed that the amount awarded was reasonable, it fails to indicate that DaimlerChrysler objected to the court's awarding of ad litem fees, and it failed to indicate that DaimlerChrysler revoked its consent as to the multi-million dollar settlement due to the amount awarded for ad litem fees being greater than expected. DaimlerChrysler's objection indicated only that it wished to preserve the reasonableness of the award for appeal to bring the figure into the range that it had anticipated. If an acceptable range of ad litem fees had been included in the agreement, the court may have been put on notice that a party may not consent to the agreement if an amount outside of that range were awarded. No such range was included in the agreement in this case.

■■■■■■ A trial court shall allow a reasonable fee to an ad litem appointed to represent a child. TEX.R. CIV. P. 173. The amount of the fee is in the trial court's sound discretion, and absent evidence illustrating a clear abuse of discretion, a reviewing court will not set aside the allowance. *Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 794 (Tex.1987). A trial court abuses its discretion in its allowance if the proponent produces no or insufficient evidence to support the allowance, *Rio Grande Valley Gas Co. v. Lopez,* 907 S.W.2d 622, 624 (Tex.App.—Corpus Christi 1995, no writ); *Brown & Root U.S.A., Inc. v. Trevino,* 802 S.W.2d 13, 16 (Tex.App.—El Paso 1990, no writ), or if the court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991). The Supreme Court in *Great Am. Reserve Ins. Co. v. Britton,* 406 S.W.2d 901, 907 (Tex.1966), stated that the court has no authority to award or adjudicate the reasonableness of fees based on judicial knowledge and without competent evidence. *Woollett v. Matyastik,* 23 S.W.3d 48 (Tex.App.—Austin 2000, pet. denied). A reviewing court may look at the record and draw on the common knowledge of the court justices and their experience as lawyers and judges to view the matter in the light of the testimony, the record, and the amount in controversy. *Alford v. Whaley,*

794 S.W.2d 920, 925 (Tex.App.—Houston [1st Dist.] 1990, no writ).

■ Although there is information in the record that Brannon worked twenty-four to twenty-five hours on the case, incurred expenses for telephone calls, copies, and travel, and will be subject to potential liability for over thirty years, Daimler-Chrysler contends that the only evidence properly before the trial court and this court to review is the testimony presented by the children's father regarding the agreed settlement. The father testified that Brannon had met with him and his daughters on one occasion for about an hour. The other information was presented in Brannon's reports to the court, which the judge marked as court Exhibits A and B, intending to enter them into the record, but which neither party offered into evidence, and the statements made by Brannon in response to DaimlerChrysler's objection to the amount of ad litem fees awarded by the court. DaimlerChrysler pointed out that Brannon had not been involved in negotiating the settlement, but had only been appointed to review it to ensure it was in the minors' best interests. DaimlerChrysler did not dispute the number of hours Brannon reported, but argued that broken down into an hourly rate, the award was unconscionable. The court responded that the award was based in large part on Brannon's exposure to liability and could be viewed as a given amount per year of potential liability instead of an hourly rate.

■ The information regarding ad litem fees provided by the ad litem reports included when the ad litem had been appointed, how many hours he had worked up to that time, the type of work he performed in fulfilling his duties, and the assertion that the father had not been sure regarding the decision to settle until talking with Brannon. This information was not competent evidence properly before the court and could not be considered in determining a reasonable ad litem fee. Although "evidence that is not objected to and that the trial court and the parties treat as admitted is, for all practical purposes, admitted[,]" *Texas Health Enters., Inc. v. Texas Dep't of Human Servs.,* 949 S.W.2d 313, 314 (Tex.1997), DaimlerChrysler did not treat the report as having been admitted, stating in its objection that the only information in evidence was the father's testimony of an hour-long meeting. The reports were never offered into evidence as they were in *Richardson,* when evidence, though not formally admitted, was admitted by the court reading the exhibit to the jury. See *Richardson v. State,* 475 S.W.2d 932 (Tex.Crim.App. 1972). DaimlerChrysler was never given the opportunity to review the reports to dispute any of the information contained therein.

■ Building on its decision in *United States Gov't v. Marks,* 949 S.W.2d 320 (Tex.1997) (holding that unsworn statements by counsel were not evidence, but could be relied on by the court), the Supreme Court in *Banda v. Garcia by Garcia,* 955 S.W.2d 270 (Tex.1997), recognized that an attorney must be under oath for statements to constitute evidence, but that the oath requirement can be waived by the opponent's not objecting when the opponent knew or should have known that the attorney was providing testimony. This applies at least in settings where there is an evidentiary hearing to the court, without a jury, and the statements made by the attorney are within the attorney's personal knowledge.

■ Brannon's statements made in reply to DaimlerChrysler's objection should have put DaimlerChrysler on notice that he was introducing evidence; Brannon

stated he would be willing to tell the court how many hours he worked on the case, and such information was not elsewhere in evidence. DaimlerChrysler did not object to the statements not being under oath, and far from indicating a desire to cross-examine the witness on the facts to which he testified, DaimlerChrysler states that there was no dispute as to the number of hours worked. Although there is no explicit waiver of the oath requirement, DaimlerChrysler's failure to object waived that requirement, and, therefore, Brannon's statements, though unsworn, constitute evidence before the court that may be reviewed on appeal.

 The factors that courts have used to determine the reasonableness of attorneys' fees and ad litem fees include

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty

of collection before the legal services have been rendered.

*Garcia v. Martinez,* 988 S.W.2d 219, 222 (Tex.1999).[2]

Courts have found abuse of discretion where trial courts have awarded ad litem fees in excess of the hours worked plus the hours estimated to be necessary for posttrial matters multiplied by the amount submitted as a reasonable hourly fee, when such evidence was before the court, because the hourly rate encompasses the factors to be considered in determining a reasonable fee. *See Garcia v. Martinez,* 988 S.W.2d 219 (Tex.1999); *Dalworth Trucking Co. v. Bulen,* 924 S.W.2d 728 (Tex.App.—Texarkana 1996, no writ); *Alford,* 794 S.W.2d at 925–26. In *Celanese Chem. Co. v. Burleson,* 821 S.W.2d 257, 261 (Tex.App.—Houston [1st Dist.] 1991, no writ), where there was no testimony regarding normal or reasonable hourly fees, but there was testimony regarding the number of hours worked and the reasonableness of the overall award, the court found the evidence was factually insufficient to support an award greater than the amount indicated on the firm's internal invoice, plus expenses. Besides the number of hours and the firm's internal invoice, the appellate court considered the present value of the client's recovery and the complexity of the case, noting that the case did not go to trial and reviewing the types of work that the ad litem performed. *Id.*

The court in *Smith v. Smith,* 720 S.W.2d 586 (Tex.App.—Houston [1st Dist.] 1986, no writ), determined that the amount awarded for ad litem fees was sufficiently supported by the number of hours worked

**2.** The Texas Supreme Court created the Task Force on Civil Litigation Improvements in August to look at issues including ad litem requirements, appointments, and fee awards. The Task Force plans to provide a preliminary report to the court by May 1, 2002. Mary Alice Robbins, *Fix–It Committee to Look at How Guardian Ad Litem Fees Calculated,* Tex. Lawyer, Nov. 26, 2001, at 7.

and the amount in controversy as those were both factors that the court could consider in determining a reasonable fee. In that case, the total ad litem award of $175,000 was made after a jury trial in which the jury awarded the appellees $53,000,000. *Id.* However, in *Samco Prop., Inc. v. Cheatham,* 977 S.W.2d 469, 479 (Tex.App.—Houston [14th Dist.] 1998, pet. denied), the court found that there was insufficient evidence to support the amount of ad litem fees awarded when the only evidence was the number of hours worked and the total amount that the ad litem believed would be a reasonable fee. That case also involved a structured settlement. The court examined the award in terms of an hourly rate and compared it to awards in similar cases such as *Dalworth. See id.*

The information before the court on which to base a determination of reasonableness of ad litem fees was that Brannon worked between twenty-four and twenty-five hours on the case, including at least one meeting with the children and their father, incurred certain expenses, and will be subject to defending potential liability suits for a period of time which he claims to be thirty years. In addition, the record reflects that Brannon did not participate in negotiating the settlement, but reviewed the agreement to ensure that it was in the children's best interests. The record also reflects that the settlement resulted in a net recovery with a present value of around one million dollars to the minors, $476,869.84 to each minor.

The court stated that the amount awarded was based in large part on the fact that it was a structured settlement and Brannon would be responsible for his work on the case for a period of time. "[H]e is entitled to a fee of that amount, not just because of the hours put into this and the work put into it but also to the liability he will be subject to." That the amount of the award did not change after Brannon's unsworn statements increased the number of hours reported to the court, but not in evidence, by over thirty-three percent, indicates that the award had little to do with the number of hours worked on the case. While responsibility incurred in working on a case may be a factor to be considered in determining a reasonable fee award, it should be considered in light of the fee customarily charged for similar legal services and the results obtained. One reason most courts rely on testimony regarding a reasonable hourly fee is that the other factors have already been considered. *See Alford,* 794 S.W.2d at 925–26.

We find the court abused its discretion by awarding $35,000 in ad litem fees without further evidence to support the award.

We remand the cause to the trial court for a rehearing on the ad litem fees.

## ON REHEARING

In his Motion for Partial Rehearing, Dwight Brannon asks the court to apportion the appellate costs equally. Tex. R.App. P. 43.4 provides that appellate costs shall be awarded to the prevailing party unless other law exists requiring a different determination or good cause exists to otherwise assess them. DaimlerChrysler Corporation was the prevailing party on appeal and was awarded costs.

■ Although Brannon was acting as an officer of the court in the suit below, he was also a party to the suit with respect to his fees, because his interests were involved and determined by the judgment and he participated in the proceedings. *See In re Polybutylene Plumbing Litig. v. Hoechst Celanese Corp.,* 23 S.W.3d 428, 435 (Tex.App.-Houston [1st Dist.] 2000, no pet.); *Rampy v. Rampy,* 432 S.W.2d 175, 176 (Tex. Civ.App.-Houston [14th Dist.]

1968, no writ); *Akin v. Akin,* 276 S.W.2d 323 (Tex.Civ.App.-Austin 1955, writ dism'd). Because he bore the burden at trial for presenting evidence on which the court could make a determination of a reasonable fee, and we found that insufficient evidence had been provided, we find no good cause to depart from the standard rule as to costs and no law requiring us to do so.

The Motion for Partial Rehearing is overruled.