**Denied; and Opinion Filed April 3, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00104-CV

### IN RE TONY R. SAAD, Relator

**Original Proceeding from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-14-14203**

## MEMORANDUM OPINION
Before Justices Lang, Fillmore, and Brown
Opinion by Justice Lang

Relator, Tony Saad, filed this mandamus proceeding challenging the trial court's order vacating the judgment in the case and granting new trial. Saad contends the order granting new trial was void because it was signed after the trial court's plenary power had expired. We disagree.

Under rule 329b, a trial court generally retains jurisdiction over a case for a minimum of thirty days, during which time the trial court has plenary power to change its judgment. *See Lane Bank Equip. Co. v. Smith S. Equip., Inc.,* 10 S.W.3d 308, 310 (Tex. 2000). Certain post-judgment motions, including a motion for new trial, if filed within this initial thirty day period, extend the trial court's plenary jurisdiction. TEX. R. CIV. P. 329b(e). A post-judgment effort to modify a judgment to include an award of attorney's fees is an attempt to alter the underlying judgment and thus the limitations of rule 329b on the trial court's plenary power to grant a new trial or to vacate, modify, correct or reform its judgment apply. *See Douglas-Peters v. Choe,*

*Holen, Yoo & Burchfiel, P.C.*, No. 05-10-00208-CV, 2010 WL 4946612, at \*2 (Tex. App.—Dallas Dec. 7, 2010, no pet.) (mem. op.).

Only a motion for new trial filed by a party automatically extends the trial court's plenary power. *State & Cnty. Mut. Fire Ins. Co. v. Kelly*, 915 S.W.2d 224, 227 (Tex. App.—Austin 1996, no writ). Under long-established Texas law, however, in a divorce in which attorney's fees are requested, an attorney whose fees are pleaded for in a party's pleadings and who represents that party at the time the divorce decree is signed becomes a party to the judgment and is bound by the judgment. *See Roberts v. Roberts*, 192 S.W.2d 774, 778 (Tex. 1946) (attorneys who represented wife in divorce "were as much bound by [judgment] as if they had been parties to the suit"); *Akin v. Akin*, 276 S.W.2d 323, 326 (Tex. Civ. App.—Austin 1955, writ dism'd) (attorneys whose employment was alleged in pleadings and recovery of fees specifically sought were parties to suit "both literally and legally"). For that reason, the motion for new trial filed by Anderson, who was counsel for the wife at the time judgment was rendered, extended the trial court's plenary power over the judgment. *Cf. Malone v. Hampton*, 182 S.W.3d 465, 469 (Tex. App.—Dallas 2006, no pet.) (motion for new trial filed by attorney who had been granted leave to withdraw immediately prior to rendition of judgment in divorce did not extend trial court's plenary power).

Because Anderson properly filed a timely motion for new trial, the trial court's jurisdiction to grant a new trial expired 105 days after the judgment was signed. *See* TEX. R. CIV. P. 329b ("If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first."); TEX. R. CIV. P. 329b(c) (motion for new trial is overruled by operation of law seventy-five days

after judgment signed). The trial court signed its order granting new trial on the one-hundred-fifth day after it signed the divorce decree. Accordingly, the trial court's order granting new trial is not void. We deny the petition for writ of mandamus.

/Douglas S. Lang/

DOUGLAS S. LANG
JUSTICE

150104F.P05